Goodell v. Woodruff.

---

ROSWELL E. GOODELL, Appellant, *v.* NORMAN W. WOODRUFF, Appellee.

20 191
21a 604
20 191
177 86

APPEAL FROM LA SALLE.

If a principal ratifies a purchase made by his agent, he will be responsible for the acts of the agent, and the question of ratification is for the jury to determine.

Unless a verdict is manifestly against the weight of evidence, it will not be disturbed.

THE facts of this case are stated in the opinion of the court. The cause was tried by HOLLISTER, Judge, and a jury, at February term, 1858, of the La Salle Circuit Court.

GLOVER & COOK, for Appellant.

BUSHNELL & GRAY, for Appellee.

WALKER, J. This was an action of assumpsit, brought by Woodruff against Goodell, in the La Salle Circuit Court, to recover the price of lumber, alleged to have been sold by Woodruff to Goodell. The cause was tried by the court and jury, when a verdict was found in favor of appellee. A new trial was granted. The cause was again tried by the court and a jury, which resulted in another verdict in favor of appellee. Appellant entered a motion for a new trial, which was overruled, and judgment was rendered by the court on the verdict, from which he appeals to this court.

It appears, from the evidence preserved in the case, that one Lighthall was the owner of a lumber yard, which he sold to appellee, and before the time of the sale, he had received money on contracts for the sale of lumber, to be delivered on these contracts. When he sold his lumber yard to Woodruff, it was agreed between them that Woodruff should fill these contracts, and Lighthall should have the profits of the sale. Woodruff was to have the right of filling other contracts, upon which Lighthall had not received the pay, or not, as he chose. These contracts were to be filled out of the lumber purchased by Woodruff of him, a part of which was to come forward, but which never arrived. Goodell had contracted with Lighthall for a quantity of fencing lumber before this sale, but had paid him nothing on this contract. Irvin, the brother-in-law of Goodell, came to Woodruff's lumber yard, and got about twenty thousand feet of fencing lumber, which was used on Goodell's farm, upon which Irvin resided. Woodruff did not receive of Lighthall as much of the kind of lumber as was required by Goodell, and he furnished the balance from lumber which he had purchased in Chicago. Goodell resisted payment to Woodruff, upon the ground that his contract was with Lighthall, and not with Woodruff. This was a question of fact for the jury to pass upon, and they have found that the purchase was made of the appellee. The evidence certainly tended to show that Lighthall had not furnished lumber, as he had agreed, out of which to fill this and other contracts, and we are not disposed to find fault with their finding. It was urged that the evidence did not show whether Irvin's authority to make the purchase was general or special. This, it is apprehended, can make no difference, if appellant ratified the purchase made by Irvin. *Fisher* v. *Stevens*, 16 Ill. R. 397. This was a question for the jury to determine from all the evidence and circumstances before them. They, by their verdict, have found that appellant ratified the contract, and the verdict should not be disturbed, unless it is manifestly against the weight of evidence, and the jury were the judges of the weight it was entitled to receive. There

was evidence from which the jury might infer that appellant ratified the purchase. The property was procured by his agent, and if he had no authority to purchase of appellee, he should have returned the lumber and disclaimed the purchase, and not have appropriated it to his own use. And we are not disposed to grant a new trial where the probabilities are that another trial would be attended with the same result as the two already had.

There is not any error perceived in the instructions given. They seem to lay down the law of the case correctly, as it was raised on the facts in evidence. And upon the whole record, we are not able to discover any error for which the judgment should be reversed, and, therefore, the judgment of the Circuit Court should be affirmed.

*Judgment affirmed.*