<hr />

THE CITY OF ELGIN

v.

ELLEN RIORDAN.

*Municipal Corporations—Defective Sidewalk—Action for Damages for Personal Injuries—Variance—Evidence—Instructions—Verdict, not Excessive.*

In an action against a municipal corporation to recover damages for a personal injury resulting from a defective sidewalk, it is *held:* That there is no variance between the declaration and the evidence; that evidence as to the condition of the stringers was properly admitted under an allegation that there was, and for a long time had been, loose and broken planks and holes in, and upon and along said sidewalk; that certain instructions, making it plaintiff's absolute duty promptly to employ competent medical treatment, were properly modified; and that a verdict for $500 for plaintiff is not excessive.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. FRANK CROSBY and F. W. JOSLYN, for appellant.

The cause assigned for the alleged injury having been set

forth with minuteness and particularity, the cause made by the proof must correspond with the averment, or there can be no recovery.   1 Chitty's Pleadings, 7 Am. Ed., 427.

In a case in which the declaration charged that the injury was received by reason of broken planks in the sidewalk, and the proof showed that the effect was that two planks had been removed from the sidewalk, the variance between allegation and proof was held fatal.   Bloomington v. Goodrich, 88 Ill. 558.

The fifth instruction as given, entirely ignored the element of contributory negligence on the part of the appellee in not employing a physician.   This omitted element should have appeared.   W., St. L. & P R. R. Co. v. Rector, 104 Ill. 296, 305; T., W. & W. R. R. Co. v. Eddy, 72 Ill. 140.

Appellant was entitled to an instruction upon the hypothesis that the evidence showed appellee's injuries were aggravated by her own neglect.   H. & St. J. R. R. Co. v. Martin, 111 Ill. 219, 234.

Mr. JAMES COLEMAN, for appellee.

A city is liable for injuries caused by defective sidewalks when it knows, or can by ordinary care know, that they are out of repair and in a dangerous condition, and then sufficient time elapses in which to make the necessary repairs before the injury is received.   Bloomington v. Bay, 42 Ill. 503; Joliet v. Verley, 53 Ill. 58; Chicago v. Langlass, 66 Ill. 361; Chicago v. McCarthy, 75 Ill. 602.

If the sidewalk was out of repair for a long time before the accident occurred, that constitutes notice.   Springfield v. Doyle, 76 Ill. 202; City of Chicago v. McCarthy, 75 Ill. 602.

WELCH, J.   This is an action on the case against appellant to recover damages by reason of an alleged injury received by appellee upon a sidewalk in the city of Elgin on the east side of State Street.   The declaration contains four counts:   The first averring that there were at, etc., loose and broken planks and holes upon and along said sidewalk and that a person who was then walking with appellee stepped on or near the end of

one of the planks which was then and there loose, unfastened and unnailed in said walk; that the same flew up and tripped her and threw her with great force and violence upon the ground so that then and there her left arm was by reason of such dangerous, dilapidated and defective sidewalk sprained, fractured and broken, and she was otherwise greatly sprained, hurt, bruised and injured, etc. ·

The second count avers that appellee was tripped up by a loose, unfastened, unnailed plank and was thrown with great force, etc.

The third count avers that appellee was tripped up by a loose and unfastened plank and thrown, etc.

The fourth count avers that appellee was tripped up by a loose and unfastened plank and thrown, etc.

It is first insisted by counsel for appellant that the evidence does not support the declaration. That there was a variance between the *allegata et probata.* The appellee says she went to the coal yard on the west side of Fox river with her husband and Mr. Bartels; when she was coming back on the walk Bartels on the inside and she on the outside of the walk, Bartels stepped on a loose plank, she stepped after him and was tripped up and stumbled down; she thinks the plank that flew up was about six or eight inches wide; Bartels says he went with appellee to the coal yard and as they were returning on the sidewalk, appellee was on his right side, that he stepped on a board, it flew up and she fell and hurt her wrist; the end of the plank where she was, flew up; she got her foot under it and fell. Patchen says: "Appellee was about a foot back of Bartels who stepped on the end of a plank; appellee stumbled and caught her foot under a plank; Bartels stepped a little over the stringer and that raised up the other end; he stepped right off but it caught appellee's foot and she was tripped."

We are unable to perceive any variance. The averment that ·appellee "was tripped up by a loose and unfastened plank" is substantially proven by the testimony.

It is further insisted by counsel for appellant that the court erred in admitting evidence as to the condition of the string-

ers, there being no specific averment in the declaration as to their condition. The averment is that the sidewalk was defective in this, to wit: That at said date there was, and for a long time prior thereto had been, loose and broken planks and holes in, upon and along said sidewalk, and that said loose and broken planks and holes had been permitted and suffered by appellant to be out of repair, and so remain and continue, etc. We hold that under this averment it was competent to show the condition of the stringers. If the stringers were in such condition that they would not hold nails and had been in this condition for a length of time sufficient for the appellant to know it, such fact was competent to go to the jury as tending to prove the averment that there was and for a long time prior thereto had been loose and broken planks and holes in, upon and along said sidewalk, and that they had been permitted and suffered by the appellant.

Bartels says: "Sidewalk was laid on stringers; sidewalk was in poor condition; stringers were all rotten—would not hold a nail; that this was the condition of the walk prior to June 5, 1883, and this condition of things remained until appellee was hurt." Flynn says: "This walk was a little poor all over, loose boards, a little rotten. This was before accident, might have been two or three weeks, might have been two months." Patchen says: "Had been about these premises before this accident; have stumbled over this plank two or three times before; that it never flew up before—this was about two or three weeks before the accident."

It is further insisted by counsel for appellant that the court erred in modifying the fifth and seventh of appellant's instructions. By the fifth instruction, the court was asked to instruct that no damages were recoverable as for a permanent injury, if the jury believe from the evidence that the plaintiff's *neglect to promptly employ competent medical treatment for her injury or her* disobedience of proper directions as to the care of her injured arm, given her by her medical adviser, had caused her injury to assume such character of permanency. ·

This instruction as given omitted the italicized words.

We hold that the modification was proper. It was not

absolutely the duty of appellee to promptly employ medical treatment for her injury. It was only her duty to do as a prudent person would do under similar circumstances. This instruction as asked made it appellee's absolute duty to promptly employ competent medical treatment for her injury, and if her neglect to so employ had caused her injury to assume such character of permanency as it otherwise would not have had, as to such injury she could not recover. Thus ignoring the rule as stated, *supra*.

The seventh instruction as asked and given, stated the law in favor of appellant too strongly. By it, even as amended, appellee was required absolutely to employ a physician if she had the ability to do so, even though the jury may have believed that prudent persons would not have done so under like circumstances.

The rule of law in this respect should have been distinctly stated to the jury. The Toledo, Wabash & Western Railroad Co. v. David Eddy, 72 Ill. 140. It is also insisted that the damages are excessive. There is evidence to support this verdict and we can not say it is manifestly against the weight of the evidence. Bush v. Kindred, 20 Ill. 93; Goodell v. Woodruff, 20 Ill. 191; French v. Lowry, 19 Ill. 158. We are satisfied with the law as given to the jury and with their verdict.

*Judgment affirmed.*