THE PRESIDENT, ETC. TOWN OF EARLVILLE
v.
JOEL CARTER.

1. CONTRIBUTORY NEGLIGENCE.—It is a general rule that where a plaintiff fails to use ordinary care, and the want of such care contributes to produce the injury complained of, he cannot recover on account of any mere neglect on the part of the defendant to avoid the result.

2. COMPARATIVE DEGREE OF NEGLIGENCE.—If the act of the defendant was wanton or willful, or if after he became aware of the danger to which the plaintiff had exposed himself, he failed to use ordinary care to avoid injuring him, he will be held liable, notwithstanding the plaintiff may have neglected to use reasonable precaution to avoid the injury. But it has never been the law in this State that the negligence of the parties to a controversy upon that subject could be weighed in a scale, when if it inclined at all in favor of the plaintiff, he might recover.

3. INSTRUCTION AS TO NEGLIGENCE.—While the question of negligence is ordinarily one of fact for the jury, an instruction to the effect that however reckless the plaintiff may have been, it was their province, and theirs alone, to determine his right of recovery, and that the Court is powerless to indicate what facts would constitute such recklessness as to preclude the plaintiff from recovering against the defendant, although he might also be guilty of even gross negligence, is erroneous.

4. CHANGING INSTRUCTIONS.—If a court undertakes to amend an instruction, it must take care that the instruction, when amended, declares the law.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. RICHOLSON & SNOW, for appellant; argued that if there is want of ordinary care on the part of the plaintiff, contributing directly to the injury, then the law will not attempt to measure the degree of such negligence, but will forbid a recovery, and cited Walker v. Westfield, 39 Vt. 252; Deher v. Town of Fitchburg, 22 Wis. 677; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; City of Quincy v. Barker, 81 Ill. 300; C. B. & Q. R. R. Co. v. Sykes, 1 Bradwell, 520; City of Centralia v. Krouse, 64 Ill. 19; Wharton on Negligence, § 133.

That the instruction as to comparative negligence was erroneous: C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

Erroneous instructions are not cured by giving others that are correct: C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501.

Mr. C. H. BRUSH and Mr. H. T. GILBERT, for appellee; that the question of plaintiff's want of care was proper to be left to the jury, cited Wharton on Negligence, § 403.

That the third instruction given for appellant was erroneous, because it assumed as true facts which were disputed, and the existence of which should have been left to the jury, and gives undue prominence to certain facts: Barrelett v. Bellgard, 71 Ill. 280; Oisen v. Upsahl, 69 Ill. 273; Wilson v. Bauman, 80 Ill. 493; Wolcott v. Heath, 78 Ill. 433; Straus v. Minzesheimer, 78 Ill. 492; Hewitt v. Johnson, 72 Ill. 513; Homes v. Hale, 71 Ill. 552; Ogden v. Kirby, 79 Ill. 555; Evans v. George, 80 Ill. 51; Drohn v. Brewer, 77 Ill. 280.

A party asking an erroneous instruction cannot complain if the court modifies the same and gives it as modified: Ryan v. Donnelly, 71 Ill. 100; Pierce v. Millay, 62 Ill. 133.

The instructions as a whole state the law correctly, and for that reason the judgment should not be reversed: Lawrence

v. Hagerman, 56 Ill. 68; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; N. L. P. Co. v. Binninger, 70 Ill. 571; Yundt v. Hartrunft, 41 Ill. 9; Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206; Stowell v. Beagle, 79 Ill. 525.

SIBLEY, P. J.    This suit was brought by Joel Carter against the town of Earlville, for wrongfully allowing a bridge across Indian Creek to remain in such an unsafe condition that while the plaintiff was endeavoring to pass over with a team it gave away from under him, by means of which he was seriously injured.

The declaration also alleges the bridge to have been a public one, and within the corporate limits of the village.    How the town became incorporated, and what its powers and duties were respecting the building and maintaining of bridges, does not appear.    But since its liability is conceded, it does not become necessary to notice the question.

It appears from the testimony that Carter lived a mile or two from the village of Earlville, and was in the habit of going to town nearly every day with a team at that time, carrying milk to market, and generally passing over this bridge, which was the nearest route.    There were other ways, one called the South road, which was a little further, and others also by fording the creek, that were not so easy as crossing on the bridge.    The bridge was constructed of wood, and a 60 foot span in it seems to have been supported by bunches of trestlework, which were carried away during the high water of February or March, 1876.    Soon after that the town authorities caused the bridge to be nailed up at the ends.

But it remained closed only a short time before some one tore down the fastenings in order to pass over it.    These barriers, consisting of poles and 2x6 joist across the ends of the bridge fastened with spikes, were repeatedly put up by the town, and as often taken down by persons who desired to pass over the bridge until the 18th of May, 1876, when Carter, the appellee, in attempting its passage broke it down and received the injury of which he complains.    That Carter was well acquainted with the dangerous condition of the bridge, is

beyond dispute. For besides having warned the town author-ties of that fact, he had spoken of its unsafe condition to others on several occasions in very strong terms, and also admits having seen the fastenings across the bridge indicat-ing to the public that it was not open for travel. Nor is it seriously questioned that the town authorities were guilty of negligence in permitting it to remain for such a period of time in that precarious state. On the trial in the Circuit Court, the jury found the defendant guilty, and assessed the plaintiff's damages at $250. The town, in appealing to this court, has assigned quite a number of reasons for reversing the judgment rendered upon the verdict of the jury, which have been ably and extensively argued on both sides.

Although several irregularities may possibly have occurred on the trial, it is believed that none of them were sufficient to justify a reversal, and therefore the errors to be considered are narrowed down to the single question of whether the plaintiff exercised ordinary care to avoid the accident, and whether the rule upon that subject was properly submitted and fairly under-stood by the jury.

Negligence in accordance with the rule of the civil law, is usually by writers divided into three classes, though some authors have made more divisions, like Sir Wm. Jones on the subject of bailments. That is, a slight neglect of the duty required, a want of ordinary care, and gross negligence.

The doctrine in England is well settled, that when a plaintiff fails to use ordinary care, and the want of such care contributed to produce the injury complained of, he cannot recover on account of any mere neglect on the part of the defendant to avoid the result. And such is the clear weight of authority in the United States, although it is a little difficult to reconcile the inharmonious expression used by judges in arriving at that conclusion. Indeed many decisions can be found where the rule is stated that no recovery can be had by the plaintiff, if he by his own fault in the slightest degree, contributed to produce the injury. But if the act of the defendant was wanton or willful, or if after he became aware of the danger to which the plaintiff had exposed himself, he failed to use ordinary

care to avoid injuring him, he will be held liable, notwithstanding the plaintiff may have neglected to use reasonable precaution to obviate a collision. It is stated in Sherman and Redfield on Negligence, § 37, as the result from an examination of all the authorities upon the subject, that "we think there is no case in which it has been held that ordinary negligence on the part of the plaintiff, did excuse gross negligence on the part of the defendant."

This proposition, it will be observed from the context, was not intended to include those cases where the act of the defendant was so gross as to amount to a willful or tortious wrong. Whether by search a case. could possibly be found holding otherwise, would be quite a useless investigation, since the doctrine stated in the text is most unquestionably the correct rule, as a great majority of the courts have concurred in establishing.

The doctrine of comparative negligence has in some way crept into the practice in a manner so inaccurately understood as to have led to many erroneous notions relating to it.

It never was the law in this State that the negligence of the parties to a controversy upon that subject could be weighed in a scale, where, if it inclined at all in favor of the plaintiff, he might recover against the defendant. Nor, it is believed, has such a rule ever been established by a court of recognized authority, that if the negligence of the plaintiff, in a case of this kind, is a shade less than that of the defendant, he may be allowed to recover.

The opinion delivered in the case of C. B. & Q. R. R. Co. v. Payne, 49 Ill. 500, it is true, contains the language that "it is the established doctrine of this court that although a plaintiff may be guilty of negligence, still the defendant will be held liable if his negligence is greater than that of the plaintiff." The cases referred to, of the Chicago & R. I. R. R. Co. v. Still, 19 Ill. 500; C. B. & Q. R. R. Co. v. Dewey, 26 Id. 255; C. B. & Q. R. R. Co. v. Hazzard, Id. 373; and G. & C. U. R. R. Co. v. Jacobs. 20 Ill. 478, it will be seen, do not sustain the language used. Those cases, except that of the G. & C. U. R. R. Co. v. Jacobs, are placed upon the ground that the plaintiff

The President, etc. v. Carter.

was guilty of gross negligence or failed to exercise ordinary care in respect to the injuries complained of, and therefore was not entitled to recover. The case of the Chicago, Galena & U. R. R. Co. v. Jacobs, turned principally upon the Circuit Court having given instructions not based on the evidence. But Mr. Justice BREESE, who delivered the opinion, went into a very elaborate and exhaustive discussion of the principles that govern the law of negligence, in which the earliest English cases upon the subject were recognized and approved, as in Blyth v. Topham, Cro. Jac. 158, where it was held that in an action on the case against the defendant for digging a pit, whereby the plaintiff's mare strayed and fell into it, there being no right for the mare's straying, he could not recover. So in Butterfield v. Forester, 11 East, 60, Lord Ellenborough said that " a party is not to cast himself upon an obstruction which has been made by the default of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right. * * One person's being in fault will not dispense with another's using care for himself.

Two things must concur to support the action. One by the default of the defendant, and no want of ordinary care to avail it, on the part of the plaintiff. In Plucknell v. Wilson, 5 Car. and Payne, 375, the same doctrine was announced, and in Wolf v. Beard, 8 Id. 435, it was said by the court, " that if the plaintiff has contributed to the accident by her neglect, she cannot recover in the action." A great number of similar cases were commented on, and the court come to the conclusion that wherever it shall appear that the plaintiff's negligence is comparatively slight, and that of the defendant is gross, he shall not be deprived of his action.

This is doubtless all that was meant in the case of the C. B. & Q. R. R. Co. v. Payne, supra. It was quite unnecessary to say more than that in deciding the case, nor is it fair to infer that more was really intended by the distinguished Judge who delivered the opinion, when all that was said by him on the occasion is taken and considered together. If there ever was any doubt on the subject, it is made plain enough by many subsequent decisions of that court, fully explaining the exact

rule which should govern in all such cases. In the case of the C. B. & Q. R. R. Co. v. Lee, 68 Ill. 578, the doctrine was re-stated in terms of such accuracy as not to be mistaken, that it is an essential element to the right of action in all cases, the plaintiff or party injured must himself exercise ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property. It was again, in the C. & A. R. R. Co. v. Ryan, 70 Ill. 212, repeated, that "persons must use reasonable precaution to avoid an accident, and if they fail to do this, no recovery can be had for an injury which might have been averted by the exercise of ordinary care."

So in C. & A. R. R. Co. v. Becker, 76 Id. 27, it was held that if the plaintiff, by the exercise of ordinary care and caution could have avoided the consequences of the defendant's negligence, and failed to exercise that care and caution, he cannot recover. The same rule was recognized in I. C. R. R. Co. v. Green, 81 Ill. 20, and quite a number of authorities are referrred to in support of it. See, also, City of Quincy v. Barker, Id. 300. This doctrine was again announced in Kepperly v. Ramsden, 83 Ill. 354, where suit was brought by the plaintiff against the defendant, for damages sustained by reason of falling into an excavation in the sidewalk made to construct coal vaults, and the court remarked that before any recovery can be had it is incumbent on the plaintiff to show she had herself been in the observance of due care for her personal safety. The same rule is re-asserted in I. C. R. R. Co. v. Hetherington, Id. 510.

While the 3d instruction given for the plaintiff which was this:

"3. The jury are instructed that the question as to what facts are or are not sufficient to show a want of ordinary care in this case, either on the part of the corporate authorities of the town of Earlville, or on the part of the plaintiff, is one which the jury must decide for themselves by the aid of their own judgment and experience in the affairs of life.

"The court can only lay down general rules for their guidance. In deciding the question of negligence, the jury should consider all the evidence in the case, giving to the evidence of the witnesses such weight and consideration as they may think

The President, etc. v. Carter.

it entitled to under all the circumstances appearing in evidence in the case.   And if the jury find, from the evidence, that said corporate authorities were guilty of negligence, it is for the jury to say whether such negligence was slight or gross, justifiable or unjustifiable, under all the surrounding circumstances appearing in evidence in this case.   And if the jury think, from the evidence, that the plaintiff in attempting to cross the bridge in question, knowingly incurred danger of injury, it is for the jury to say, from all the surrounding circumstances appearing in evidence in the case, whether the plaintiff used reasonable care, and if he did not, whether his want of reasonable care was or was not slight in comparison with that of the defendant, if any," announces perhaps substantially a correct proposition of law in a general sense, yet applying it to the evidence in the cause, was calculated if nothing else, to mislead the jury in determining the law as applicable to the facts in the case.   They are told, in substance, that if the plaintiff knowingly incurred danger of injury in entering upon the bridge, it was still their province, unguided by any direction of the court, to find whether he used reasonable care in so doing.

How imminent that danger may have been before the act itself would establish a want of reasonable care, is left entirely in doubt.   Concede that it is ordinarily a question of fact for the jury to find, yet should they be informed as in this instruction, that the court is helpless to guide them except in a general way, as to what extent of danger a party may knowingly incur before he would be absolutely guilty of such a want of proper care as to preclude a recovery, even against a merely negligent defendant, will the law permit a party to rush into any kind of danger, and if injury results from his rashness, that a jury is at liberty to find as a question of fact independent of the direction of the court, there was no want of reasonable care for the hazardous act?   Reasonable care is said to be that care which a reasonably prudent man will ordinarily adopt for the security of his person or property. Then, can it be said that a reasonably prudent man will voluntarily encounter danger, no matter how threatening, simply to

save a few miles travel? The proposition when stated, appears at once to be a solecism.

If, then, a person is rash enough to voluntarily incur a known and apparent danger, and on the trial of an issue as to his right of recovery against a defendant for negligence growing out of it, may a jury be informed that they have a right to find that the plaintiff used reasonable care to avoid the result, and the defendant has no remedy against such direction? We do not understand this to be the correct doctrine. · That a party may take some risks, and still not necessarily be guilty of a want of reasonable care, is an indisputable proposition. But when he apparently exceeds the bounds of reason, the court itself will determine the fact whether he shall be allowed to recover.

By this instruction, the jury might infer, that however reckless the plaintiff may have been, it was their province, and theirs alone, to determine his right of recovery, and the court was powerless to indicate what facts would constitute such recklessness as to preclude the plaintiff from recovering against the defendant, although he might also be guilty of even gross negligence.

In the case of the C. & A. R. R. Co. v. Gretzner, 46 Ill. 75, the rule is laid down in these words: "That if a party rushes into danger, which by ordinary care he could have seen and avoided, no rule of law or justice can be invoked to compensate him for any injury he may so receive."

The following, as well as numberless other cases, hold the same doctrine, that, although the question of negligence is one of fact for the jury to determine, still the Appellate Court found upon the testimony, notwithstanding the verdict to the contrary, that the evidence of negligence on the part of the plaintiff was sufficient to preclude a recovery: C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 326; T. P. & W. R. R. Co. v. Head, 62 Id. 233; C. & A. R. R. Co. v. Jacobs, 63 Ib. 178; C. B. & Q. R. R. Co. v. Lee, Adm'x, 68 Ib. 578. And the rule is as strongly stated in the case cited by counsel, of Fulsom v. The Town of Underhill, 36 Vt. 591, where the court remarks that " if the plaintiff had reasonable ground to apprehend that the bridge was unsafe for such a team and load, the driving upon

the bridge with such a load, was such an act of imprudence and want of care as to prevent him from recovering in the action.

Other authorities to the same effect might be multiplied to an unprofitable extent.

Again the instruction is liable to another objection. It concludes with an intimation that the plaintiff could recover, even though negligent, provided his negligence was slight in comparison to that of the defendant.

This is an incomplete statement of the law as now settled, notwithstanding some casual remarks made by the courts in former cases. Take the case of C. & N. W. R. R. Co. v. Cass, 73 Ill. 394, where Chief Justice Walker gives a very clear explanation of what is meant by comparative negligence in a few words, as follows:

".That under the rule long since announced and adhered to by this court, a party receiving an injury, must show either that he is himself free from, and the defendant is guilty of negligence, or if the plaintiff is guilty of negligence that it is slight, and that of defendant is gross or wanton, or the injury is willfully inflicted. These are the conditions upon which a party may recover in such a case."

The same rule was also announced in R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198, where several cases were referred to, sustaining the doctrine, that if the plaintiff is guilty of contributory negligence, it should be slight in comparison with the defendant's not only, but that the defendant, to make him liable in such a case, must be guilty of gross negligence. It is not correct to say that the plaintiff can recover though guilty of slight negligence in comparison with that of the defendant, without stating that such comparison must amount to gross negligence on the part of the defendant and nothing less.

The defendant requested the court to give the following instruction, which was numbered four, as follows:

" The jury are instructed that if they believe, from the evidence, that the plaintiff at and before the time of the accident in question, knew that the bridge upon which he was injured was unsafe and unfit for public travel, then in such

case the fact that the road leading over this bridge was the only direct route to the village of Earlville, would be no excuse for the plaintiff not exercising ordinary care and caution. And even though the bridge in question was located on the only road by which plaintiff could reach the village of Earlville, yet if he knew the bridge was unsafe, he would have no right to put himself in a place of danger and take the chances of receiving injury. And if he suffered injury by reason of his want of ordinary care and caution, he cannot recover against the village of Earlville in this suit."

This instruction was altered by the court, by erasing from the two last lines the following: "He cannot recover against the village of Earlville in this suit," and interlining in lieu of the words erased by the following: "And the negligence of the defendant (if the jury shall find it was negligence), was not as great."

Altering the instruction, and giving it to the jury in its altered condition, was error in the Court.

It is suggested that it was meaningless, and therefore did no harm. The harm then would consist in its want of meaning, as tending to confuse rather than to enlighten the jury upon the law of the case.

Counsel for appellee admit that it was clearly intended by the court to insert the erroneous doctrine of comparative negligence, which has been considered.

Who is able to say that the jury understood the court had miscarried in that attempt?

It is also intimated that the instruction when offered was erroneous, and therefore the appellant is not in a condition to complain of the alteration.

If the premises are conceded, it by no means follows that the party offering it cannot now complain of the court for making an alteration and then giving the instruction to the jury in its altered condition, unless it was altered so as to cure the defect. It was thus held in O'Niel v. Orr, 4 Scam. 3, and in Morgan v. Peet, 32 Ill. 281, where the court said that "if the instruction in its original form was not the law, it was the duty of the court either to refuse it altogether, or so to amend it as to make it law, and then give it as amended."

"If a court undertakes to amend an instruction, it must take care that the instruction when amended declares the law," and we do not understand these decisions have been overturned by anything that was said in the cases referred to by appellee's counsel upon that subject.

But we do not think the instruction in its original form liable to the objection urged against it. The law of the case is stated substantially correct, and it should have been given by the court, unless refused for the reason that the same principles had been declared in an instruction previously given.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial, which we think the Circuit Court erred in not awarding.

Judgment reversed.