## VILLAGE OF MOMENCE

### v.

## CHARLES B. KENDALL.

NEGLIGENCE—NOTICE OF DEFECT IN SIDEWALK.—An excavation had been made for a cellar, and stones had been placed upon the sidewalk to prevent persons from attempting to pass; but some, instead of going around, jumped across the corner of the cellar, and the owner, fearful that they might fall, laid planks there. Appellee, who was well acquainted with the excavation, having helped to dig it, and having passed by it several times a day, instead of going around or crossing to the opposite side, attempted in the night time to cross over the plank, fell and was injured. *Held*, that appellee was grossly negligent and can not recover.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed February 29, 1884.

Mr. H. LORING, for appellant; that the burden of proof was on appellee to show he was not guilty of negligence, cited Dyer v. Talcott, 16 Ill. 300; Galena, etc., R. R. Co. v. Fay, 16 Ill. 588; C. B. & Q. R. R. Co. v. Gregory, 55 Ill. 272; Dickey v. Me. T. Co., 43 Me. 492; Parks v. O'Brien, 23

Conn. 337; Lucas v. Taunton, etc., R. R. Co., 6 Gray, 64; Evansville, etc., R. R. Co. v. Hiat, 17 Ind. 102; Dressler v. Davis, 7 Wis. 527; Owings v. Jones, 9 Md. 108.

Appellee was guilty of gross negligence: City of Aurora v. Pulfer, 56 Ill. 270; City of Centralia v. Krouse, 64 Ill. 19; Lovinguth v. City of Bloomington, 71 Ill. 283; City of Quincy v. Barker, 81 Ill. 300; Kepperly v. Ramsden, 83 Ill. 357; City of Aurora v. Dale, 90 Ill. 46.

Knowledge on the part of appellee of the danger, is presumptive evidence of negligence on his part, so much so as to call upon him to rebut it: Achtenhague v. Watertown, 18 Wis. 321; Folsom v. Underhill, 36 Vt. 580; Fox v. Glastenburg, 29 Ct. 204; Wilson v. Charleston, 8 Allen, 137.

A person who is old or infirm would be guilty of culpable negligence in taking risks which might be properly assumed by a healthy, young and vigorous person: Shearman & Redfield on Negligence, § 30; Winn v. Lowell, 1 Allen, 177; I. C. R. R. Co. v. Buckner, 28 Ill. 299.

Mr. STEPHEN R. MOORE, for appellee.

LACEY, P. J. The suit was by appellee, to recover from appellant in not properly protecting an excavation being made by one Knightheart by its permission, for a cellar along one of the streets of the village, called Front street, by means of which the appellee fell into the cellar and was injured. The declaration avers that the appellant wrongfully permitted large quantities of stones to be placed and remain in Front street, and failed to place boards or guards to prevent persons falling into the excavation, and that the appellant, while passing along the street, fell from the street into the excavation and broke his collar bone. The appellee recovered a verdict and judgment against the appellant for $375, from which |appeal is taken.

It appears that there was a cellar being dug on a lot belonging to Knightheart, on the south side of Front street, a street running east and west. The east side of the lot abutted on vacant ground, and the north side on the south side of Front street, the excavation extending some eighteen inches into the street.

Village of Momence v. Kendall.

The sidewalk opposite the point where the injury occurred was ground sidewalk, and the cellar was about five feet deep. There was a pile of stones placed on the sidewalk, that came up to the corner of the cellar, to keep people from going over it while the cellar was being dug. The stones came up close to the cellar. If one passed over the sidewalk on the inside, he would have to go over the stones, and if on the west side, into the street, where there was a small ditch easily crossed, it being ten or fifteen feet around into the street.

After the stones were placed on the sidewalk, people got to jumping across the corner of the cellar. The greater part of the travel went around by the street, crossing on the opposite side of the street, but some people who were venturesome would jump across the corner of the cellar onto the east side, on Knightheart's land. One day Knightheart came along and saw the children jumping across the corner of the cellar, and for fear some one might fall in, he ordered the workmen to place some planks on there; so the workmen placed six planks, ten inches wide and two inches thick and eighteen feet long, diagonally across the corner of the cellar excavation from the north side, one end resting on the sidewalk and the other on the vacant lot on the east side. The planks were solid, and there was not much travel over them. The appellee lived about three hundred feet east of the cellar. On the night of the 13th of March, 1882, he, about eight o'clock in the evening, being at a saloon on the west side of this excavation, it being very dark, started home, going east along the sidewalk by this cellar, and coming to the stones, undertook to walk over the plank onto the vacant lot on the east side, and when about the middle of the plank, in some way lost his balance and fell into the cellar and was injured as charged. He was well acquainted with the excavation, having helped to dig it, and having passed by it daily several times a day, and knew about the planks as well as the men who put them there.

The main point relied upon for reversal is that the appellee was grossly negligent in attempting to cross over those boards in the night time when he knew the condition of the

walk, the cellar and the boards, especially when there were other streets and walks over which he could have passed and avoided the danger, and appellant's counsel cite City of Aurora v. Pulfer, 56 Ill. 270; City of Centralia v. Krouse, 64 Ill. 19; Lovinguth v. City of Bloomington, 71 Ill. 282; City of Quincy v. Barker, 81 Ill. 300; Kepperly v. Ramsden, 83 Ill. 357; City of Aurora v. Dale, 90 Ill. 46; Achtenhague v. Watertown, 18 Wis. 321; Fulsom v. Underhill, 36 Vt. 580; Fox v. Glastenburg, 29 Ct. 204, and Wilson v. Charleston, 8 Allen, 137; and also it is insisted that there is a variance between the declaration and proof.

We are inclined to think that the points insisted on for reversal are well taken. The gravamen of the charge in the declaration is that the appellant failed to put up guards and barriers to prevent persons passing along the sidewalk from falling into the excavation.

But the evidence shows that the stones were placed on the sidewalk to prevent persons from attempting to pass while the cellar was being dug. This was notice of itself that the sidewalk was not to be used. What need of any barrier or other notice? The appellee knew the condition of the cellar and sidewalk and was not deceived or misled in the least; he knew when he undertook to cross those planks that they had no railing; that the night was dark and that he was liable to walk or stumble off into the cellar.

He deliberately, in the dark, attempted to walk the planks lying across the corner of the cellar, taking his chances for his own safety rather than to go ten or fifteen feet further around, or to go on the opposite side of the street; he failed in the attempt, as any reasonable man would have supposed he would be likely to do.

Persons are bound to use ordinary care for their own safety, and in this case the appellee was grossly negligent and careless in attempting to walk the planks under the circumstances. The appellee was seventy-three years old, and we can see but little difference between his attempting to walk the planks in the manner and under the circumstances, and attempting to jump into the cellar. The declaration avers that

appellee, while walking along the sidewalk, fell into the cellar; but the proof shows that at that time he was not walking along the sidewalk at all, but was entirely off it, in the middle of the plank where he had voluntarily gone, attempting to cross the corner of the cellar. The averments of the declaration are not supported.

It is unnecessary to notice the instructions. Because the verdict was manifestly against the weight of the evidence the judgment is reversed.

Judgment reversed.