THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

*v.*

SAMUEL WARNER.

*Filed at Ottawa November 11, 1887.*

1.   NEGLIGENCE—*contributory and comparative negligence—and of instructions on that subject.* A plaintiff can not recover for a personal injury, on the ground of negligence of the defendant causing the same, if his own want of ordinary care for his safety contributed to the injury.

2.   But a plaintiff is not required to prove, in order to recover, when he has been injured by the negligence of the defendant, that he was free of all, or merely slight, negligence, when considered in comparison with the gross negligence of the defendant. He may have been guilty of slight negligence, and yet have observed ordinary care.

3.   An instruction on behalf of the plaintiff, that if he was guilty of some negligence, and that the defendant was guilty of gross negligence, which contributed to the injury, and that the plaintiff's negligence was slight, as compared with defendants, then such negligence on the part of the plaintiff will not prevent a recovery, taken in connection with an instruction for the defendant that the plaintiff, in order to recover, was bound to prove, by a preponderance of the evidence, both that the defendant was guilty of negligence, as charged in the declaration, and that he (the plaintiff) was in the exercise of all reasonable and ordinary care at the time of the accident, states the whole law as to ordinary care and comparative negligence, correctly to the jury. The plaintiff's instruction, so followed by the defendant's, is not calculated to mislead, and induce the jury to infer that the plaintiff might recover even if he failed to exercise ordinary care.

4.   Where an instruction on comparative negligence is given, and no instruction is given in the case telling the jury that no recovery can be had unless the plaintiff was in the exercise of ordinary care, there may be a misleading implication, arising from the giving of such comparative negligence instruction without the hypothesis of ordinary care.

5.   The jury should not be left to apply the doctrine of comparative negligence without being told that in no event can the plaintiff recover if he has failed to exercise ordinary care. But when the series of instructions, taken as a whole, fully and fairly state the law, and they are not inconsistent or contradictory, the defendant will not be prejudiced by the omission of the requirement of ordinary care by the plaintiff, from his instruction.

6.   An instruction that a railway company is under no obligation to its employes to provide the best and safest appliances for its freight cars, etc.,

was modified by inserting the word "very" before "best," and adding the words, "that could be produced:" *Held,* that while the modification was improper, the giving of other instructions for both parties, which stated the defendant's duty in this regard in positive terms, will cure the error.

7. SAME—*negligence as a question of fact.* The weight of the evidence, and the degree of negligence it tends to prove, are questions of fact for the jury in the first instance, and for the Appellate Court in the last; and it is also a question of fact whether the proof establishes negligence that may be the subject of comparison.

8. INSTRUCTIONS—*argumentative.* Although it may not be error to give an instruction argumentative in form, when it assumes the existence of no controverted fact, and states the law fairly and accurately, yet such a mode of instructing the jury is always objectionable.

9. SAME—*assuming what is proven.* It is, strictly speaking, never within the province of the court to tell the jury that an ultimate fact is proved from the existence of given evidentiary facts.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

This case was before us at our January term, A. D. 1884, and we then reversed the judgments of the lower courts, and remanded the cause for a new trial. The report of the case, as then published, gives a sufficiently full statement of the cause of action and the questions in controversy. (*Chicago, Burlington and Quincy Railroad Co. v. Warner,* 108 Ill. 538.) After the remanding order was filed in the circuit court, the case was again tried, and then, as on the first trial, a judgment was also given for appellee. The case was then again taken by appeal to the Appellate Court for the First District, and that court again affirmed the judgment of the circuit court. This appeal is from that judgment.

The following is the opinion delivered by the Appellate Court on rendering this judgment:

MORAN, J.: Appellee was injured about two o'clock in the morning of August 20, 1875, while serving the appellant company in the capacity of freight conductor. He was, at the time of the accident, endeavoring to uncouple and detach a

car from the train of which he had charge, while the said train was in motion. He had climbed up on the ladder on the side and near the end of the car, and when about half-way to the top, he swung himself around the corner of the car, expecting to grasp with his hand a handle, which he supposed was on the end of the car, and to get foot rest upon a step, which he also supposed was on the end, and to pass on to the deadwood in the center of the car, where the uncoupling had to be made. There was neither step nor handle on the car end, and appellee, having no means of holding on, fell on the track between the rails, and his arm was injured as the train passed over him, by coming in contact with the iron rod which ran through the center of the brake-beam, to such an extent that it was necessary to amputate it near the shoulder. The negligence charged, and on which appellee relies as a basis of recovery, is failure by the company to provide the car with end steps and handle, to be used in making couplings. The case went to judgment in the circuit court once before, and, on appeal, was reversed by the Supreme Court for error committed by the trial court in refusing an instruction asked by the defendant company. (*Chicago, Burlington and Quincy Railroad Co.* v. *Warner*, 108 Ill. 538.) On this appeal, it is contended that the circuit court erred in giving, refusing and modifying instructions, and that the verdict is against the evidence. There is a conflict of evidence on several questions, more or less material in the case, and the verdict must be held to have settled such conflict in favor of appellee, unless such errors of law appear in the record as shall require a reversal.

Three instructions were given by the court, on appellee's request. The second, of the giving of which appellant complains, is a form of instruction on the law of comparative negligence, which has frequently been approved by the Supreme Court. Appellant's complaint is, that it does not contain the hypothesis of ordinary care on plaintiff's part. The instruction does not purport to state all the elements which would entitle the plain-

tiff to recover, or all the elements of a cause of action. It is a statement, that if the plaintiff was guilty of some negligence, and the defendant was guilty of gross negligence, which contributed to the injury, and that plaintiff's negligence was slight as compared with defendant's, "then such negligence on the part of the plaintiff will not *prevent* a recovery in this case." The defendant's third instruction given is as follows:

"The jury are instructed that the plaintiff, to recover in this case, is bound to establish, by a preponderance of evidence, both that the defendant was guilty of negligence, as charged in the declaration filed in the case, and that he, the plaintiff, was in the exercise of all reasonable and ordinary care at the time of the accident; and unless the jury find, from the evidence and under the instructions of the court, that the plaintiff has established both of these facts by a preponderance of evidence, the verdict should be for the defendant."

It will be seen that the requirement of ordinary care on the plaintiff's part is very pointedly stated to the jury in the foregoing instruction. They are told, that unless the plaintiff has established, by a preponderance of the evidence, that he was in the exercise of reasonable and ordinary care at the time of the accident, the verdict should be for the defendant.

These two instructions,—plaintiff's second, and defendant's third,—are not contradictory of each other, are in no way in conflict, and each states the law correctly on the points which it purports to cover, and in both the whole law as to ordinary care and comparative negligence was correctly given to the jury. In other of the instructions given for the defendant, the necessity of the plaintiff's having been in the exercise of ordinary care for his safety, is stated to the jury as essential to his right of recovery, and the contrary is nowhere stated in any instructions, nor is it in any manner implied, unless it can be from said second instruction. Under such conditions, we do not think it possible that from the giving of plaintiff's second instruction the jury could have inferred that he might recover,

even if he failed to exercise ordinary care.   In *Chicago, Burlington and Quincy Railroad Co.* v. *Johnson,* 103 Ill. 512, each of the three instructions given for the plaintiff contained this proposition:   "But if the jury believe, from the evidence, that Johnson did not exercise ordinary care, yet that Johnson's negligence was slight and that the negligence of the defendant was gross, in comparison with each other, then the plaintiff must recover, and the verdict must be for the plaintiff."   These instructions were manifestly bad, and were so held by the Supreme Court, the exercise of ordinary care by the plaintiff being an essential element to the right of action in all cases where the recovery is sought on the ground of mere negligence. Where the instruction on comparative negligence is given, and no instruction is given in the case which tells the jury that there can be no recovery unless plaintiff was in the exercise of ordinary care, there may be a misleading implication arising from the giving of such comparative negligence instructions without the hypothesis of ordinary care.   Such appears to have been the case in *Chicago and Northwestern Railway Co.* v. *Thorson,* 11 Bradw. 631, and *Garfield Manufacturing Co.* v. *McLean,* 18 id. 447.   The jury should not be left to apply the doctrine of comparative negligence without being told that in no event can the plaintiff recover if he has failed to exercise ordinary care ; but where, as in this case, the instructions, considered as a series, fully and fairly state the law, and where there is no conflict in the instructions when so considered, no contradictory propositions between what the jury may choose, we are inclined to the opinion that the jury could not be misled, and that the rights of the defendant have been in no manner prejudiced by the omission of the requirement of the exercise of ordinary care by the plaintiff, from the said plaintiff's second instruction.   *Chicago and Alton Railroad Co.* v. *Johnson,* 116 Ill. 206 ; *Toledo, Wabash and Western Railway Co.* v. *Ingraham,* 77 id. 309 ; *Chicago, Burlington and Quincy*

*Railroad Co.* v. *Avery,* 109 id. 314; *City of Chicago* v. *McDon-ough,* 112 id. 85.

It is contended that the court erroneously modified defend-ant's seventh instruction. The portion of the instruction con-taining the modification complained of, is as follows, the words inserted by the court being in italics: "The jury is instructed, as a matter of law, that a railroad company is under no obliga-tion to its employes to provide the *very* best and safest appli-ances for its freight cars *that could be produced;* and if the jury believe," etc. Counsel argues that the modification is error, not for what the instruction is made to say, but for what may be implied from it. From the words used, the jury might infer the converse of the proposition, and hold the company bound to furnish the very best and safest appliances, not that could be produced, but that were known to exist.

The modification was unnecessary, and if the instruction stood alone, the erroneous implication might have misled the jury; but it is negative in form, stating not what the duty is, but what it is not. And other instructions given for the plain-tiff and the defendant state the duty in that regard in positive terms. In plaintiff's first instruction: "The court instructs the jury that it is the duty of railroad companies to use all reasonable care and diligence to furnish good and reasonably well constructed machinery, adapted to the purposes of its use. And while they are not required to seek and apply every new invention, they must adopt such machinery and appliances as are found by experience to be reasonably safe and reasonably well adapted for the purpose for which they are used." And in defendant's fifth instruction it is said on this subject, that "the master's obligation is not to supply the servant with ab-solutely safe machinery, or with any particular kind of ma-chinery, but his obligation is to use ordinary and reasonable care not to subject the servant to extraordinary or unreason-able danger." In view of these instructions, the modification was, in our opinion, harmless to the defendant.

In this case, the court gave ten instructions requested by defendant, without modification, and gave nine others with modifications. Six instructions asked by defendant were refused. Complaint is made of the modification by the court of the nine instructions which were modified. It would serve no useful purpose to discuss these instructions and these modifications *seriatim*. We have examined all the instructions modified and refused, and we find no error in the action of the court in that regard, which, in our opinion, would authorize a reversal of this case. Some of the instructions modified were properly modified, and it would have been error to give them without such modification. Some others might have been given without modification, but the modification of them in no way prejudiced the defendant. We think the jury were sufficiently, even abundantly, instructed on every material phase of the case in the nineteen instructions given for the defendant and the three given for the plaintiff.

The damages are·quite large. Appellant argues they are excessive, but we do not feel warranted in interfering with the verdict on that ground.

We are of opinion that there is no error, and the judgment of the circuit court must therefore be affirmed.

Mr. Melville W. Fuller, for the appellant:

The court erred in giving plaintiff's second instruction. The question of comparative negligence can not be invoked except when the injured party has exercised ordinary care. *Manufacturing Co.* v. *McLean*, 18 Bradw. 447; *Railroad Co.* v. *Clark*, 108 Ill. 113; *Steel Co.* v. *Martin*, 115 id. 358.

An instruction as to comparative negligence is bad if it fails to include the hypothesis of the exercise of ordinary care by the plaintiff. *Railway Co.* v. *Thorson*, 11 Bradw. 631; *Railway Co.* v. *Dimick*, 96 Ill. 43; *Railway Co.* v. *O'Brien*, 18 Bradw. 28; *Railroad Co.* v. *Harwood*, 80 Ill. 88; *Denman* v. *Bloomer*, 11 id. 177; *Packet Co.* v. *Henry*, 50 id. 264; *Rail-*

*road Co.* v. *Maffit,* 67 id. 431; *Railroad Co.* v. *Lee,* 60 id. 502; *Railroad Co.* v. *Payne,* 49 id. 499; *Linen Co.* v. *Hough,* 91 id. 63.

The court erred in modifying the defendant's seventh, eighteenth, twenty-eighth, twenty-seventh and twenty-sixth instructions, and giving them as modified, and erred in refusing other instructions.

Mr. W. P. Black, and Mr. W. S. Johnson, for the appellee:

Plaintiff's second instruction lays down the correct rule as to comparative negligence, as often held by this court. *Railroad Co.* v. *Johnson,* 116 Ill. 206.

Taken in connection with the other instructions, the jury could not have been misled, as they laid down the rule that the plaintiff could not recover unless he exercised ordinary care. *Chicago* v. *McDonough,* 112 Ill. 90; *Railway Co.* v. *Ingraham,* 77 id. 309; *Railroad Co.* v. *Avery,* 109 id. 314.

Counsel, in an elaborate brief, discussed at length many other points, contending there was no error.

Per Curiam: The questions discussed in argument have received careful consideration, and we are unable to find satisfactory reasons for disagreeing with the opinion of the Appellate Court in its exposition of the law of the case, and to what is therein said we deem it necessary to add but a few brief remarks.

*First*—The objections to appellee's second instruction which are most earnestly pressed, are: First, that there is no ground of comparison between the negligence of the plaintiff and that of the defendant; second, that the effect of the instruction is to tell the jury that the want of ordinary care on the part of the plaintiff was slight negligence as compared with the negligence of the defendant, etc.

1. There is evidence *tending* to show negligence in the defendant, for there is evidence which, considered by itself, proves that the plaintiff was injured because of the absence of a

handle and step on the end of the defendant's car over which the plaintiff's duty required him to pass; and it can not affect the present question to contend that there may have been a preponderance of evidence proving that there was no negligence in this respect, for that was for the jury to determine, after being instructed. It is also contended by counsel for appellant, that plaintiff was likewise negligent in not ascertaining, before he attempted to pass over the car, whether it had a handle and step, and this, too, was for the jury to determine, after being instructed. And so, necessarily, it was a question of fact properly before the jury, whether the evidence proved negligence which could be the subject of comparison. Shearman & Redfield on Negligence, (2d ed.) sec. 43.

2. The instruction does not assume to declare what shall be proved to entitle plaintiff to recover. It simply, in effect, says, that the mere fact that the plaintiff was negligent, (if his negligence was slight and that of the defendant gross, in comparison with each other,) shall not prevent a recovery. A plaintiff, to recover, must have observed ordinary care to avoid the injury. If he did not do so he can not recover. If he did do so, and was injured by the defendant's negligence, it is impossible, in a legal sense, that any negligence of which he may have been guilty can have been slight and that of the defendant gross, in comparison with each other. (*Chicago, Burlington and Quincy Railroad Co.* v. *Johnson,* 103 Ill. 512.) But it is not required that the plaintiff shall prove, in order that he may recover, when he has been injured by the negligence of the defendant, that he was free of all or of merely slight negligence, when considered in comparison with the gross negligence of the defendant. He may have been slightly negligent and yet have observed ordinary care, for the converse of slight negligence is great or extraordinary diligence. (*Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358.) Reading this instruction of the plaintiff, therefore, in connection with the instructions of the defendant informing the jury that unless the evidence showed that the

plaintiff had observed ordinary care he could not recover, it would not seem reasonable to suppose that the jury could have been misled.

*Second*—The seventh instruction asked by defendant was as follows:

"The jury are instructed, as a matter of law, that a railroad company is under no obligation to its employes to provide the best and safest appliances for its freight cars, and that if they believe that freight cars with steps at their ends would have been safer for employes to use in uncoupling cars, still the plaintiff can not recover, if the jury believe, from the evidence, that freight cars without such steps were not unreasonably unsafe and dangerous for employes to use while uncoupling cars."

The court modified this instruction, and gave it as modified, as follows:

"The jury are instructed, as a matter of law, that a railroad company is under no obligation to its employes to provide the *very* best and safest appliances for its freight cars *that could be produced,* and if the jury believe that freight cars with steps on their ends would have been safer for employes to use in uncoupling cars, still the plaintiff can not recover, if the jury believe, from the evidence, that freight cars without such steps were reasonably safe for employes to use while uncoupling cars."

The language of the modification is objected to, not because it states incorrectly a duty or obligation of appellant, (for it assumes to state or qualify no duty or obligation of appellant,) but from the implication which it is supposed the jury might draw from the language employed in stating what is not its duty or obligation, namely, because it is stated that appellant is under no obligation to provide the *very* best and safest appliances for its freight cars *that could be produced,* it could be inferred by the jury that appellant is under obligation to provide the best and safest appliances, etc. But this implication is clearly rebutted by the concluding part of the instruction, wherein the jury are expressly told "that if they

believe, from the evidence, that freight cars without such steps were reasonably safe for employes to use while uncoupling cars," the plaintiff can not recover. Moreover, it has been repeated, in many cases, that where a legal principle is clearly stated in one instruction it need not be repeated in others.

The court, in appellant's fifth and twelfth instructions, told the jury as follows:

"5. The jury are instructed, as a matter of law, that a servant, when he enters into the service of an employer, impliedly agrees that he will assume all risks which are ordinarily and naturally incident to the particular service; and the master or employer impliedly agrees that he will not subject his servant, through fraud, negligence or malice, to greater risks than those which fairly and properly belong to the particular service in which the servant is to be engaged. The master's obligation is not to supply the servant with absolutely safe machinery, or with any particular kind of machinery, but his obligation is to use ordinary and reasonable care not to subject the servant to extraordinary or unreasonable danger. Hence, in this case, unless the jury find, from the evidence, that the absence of a ladder, or steps and handles, from the end of the car in question, subjected the plaintiff to extraordinary or unreasonable danger, the plaintiff can not recover. And if the jury find, from the evidence, that the plaintiff might, by the exercise of ordinary care, have discovered the absence of a ladder, or steps and handles, from the end of the car in question, and so averted the accident, the verdict should be 'not guilty.'"

"12. The jury are instructed, as a matter of law, that the defendant was under no obligation to provide steps at the end of its freight cars for the use of employes, whose business it was to uncouple cars, provided the jury believe, from the evidence, that the use of freight cars without such steps did not render the work of uncoupling by such employes unreasonably dangerous and unsafe."

Thus, here is clearly stated and repeated, not only the legal principles embodied in the appellant's seventh instruction as

counsel asked it to be given, but the entire duty of appellee, likewise. It is, moreover, presented in its direct application to the facts of the case, and it is therefore not unreasonable to suppose that if the seventh instruction had been given as asked, the jury would have been farther enlightened in respect of their duty under the evidence.

*Third*—The same observations are pertinent, and a sufficient answer to the objections urged, because of the modifications of other instructions asked by the defendant. The principles of law embodied in the refused instructions, other than the first, were stated with sufficient fullness in the instructions which were given. And the first instruction was properly refused, because it assumed to take the case from the jury, notwithstanding the contrariety of the evidence on the questions of negligence.

It may be observed, that although it may not be error to give an instruction, argumentative in form, where it assumes the existence of no controverted fact, and states the law accurately and fairly, such a mode of instructing a jury is always objectionable, because of the almost insuperable difficulty in thus presenting both sides of the case with equal clearness and fairness, allowing, as our practice does, the respective attorneys to draw the instructions in behalf of the opposing parties. It is, strictly speaking, never within the province of the court to tell the jury that an ultimate fact is proved from the existence of given, evidentiary facts. See Best on Evidence, (Morgan's ed.) sec. 82. The defendant's refused instruction numbered 13, is a fair illustration of the violation of this principle,—that is, that if certain evidentiary facts enumerated are proved, then the ultimate fact (negligence) is not proved,—or conversely, in other words, due care is proved. Concede that where this is a correct conclusion no harm can follow, still it is an invasion by the court of the domain of the jury, and can not, therefore, be error to disallow.

The judgment is affirmed.        *Judgment affirmed.*