City of Sandwich v. Dolan.

CITY OF SANDWICH

v.

BELLE F. DOLAN.

*Municipal Corporations—Defective Sidewalk—Personal Injury—Knowledge of Condition—Care Required—Right to Use Sidewalk—Injury Not at First Apparent—Care in Securing Surgical Treatment—Instructions.*

1.  A person has the legal right to use a sidewalk, open to the public, in a city or village, although he knows, or might know, that it is in a defective condition, and is not compelled to take some other route to reach his destination.

2.  The degree of care required of a person so using a defective sidewalk is ordinary care under all of the circumstances of the case, and such knowledge of the defective condition of the walk is one of the circumstances to be considered by the jury in determining the question of what is ordinary care.

3.  In the case at bar the question of negligence was one of fact for the jury under all the circumstances in evidence, and the jury having been carefully and correctly instructed, the verdict will not be set aside. Slight negligence on the part of plaintiff was not sufficient to bar a recovery.

4.  A person injured through the negligence of another is only bound to use ordinary care in the endeavor to effect a cure, or even in the determination of what the injury is, and if mistakes occur, the injured party having used ordinary care in securing surgical attendance, the injury resulting from such mistakes is in law regarded as one of the direct results of the injury.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of McHenry County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. CAMES & DENTON, for appellant.

Notwithstanding an opposite holding in many States, it is well settled in this State that the burden of proof was on appellee to show that she was in the exercise of ordinary care. Dyer v. Talcott, 16 Ill. 300; Galena R. R. Co. v. Fay, 16 Ill. 588; C., B. & Q. R. R. Co. v. Gregory, 55 Ill. 272; Steel Co. v. Martin, 115 Ill. 358.

Thompson in his work on Negligence, second volume, page 1176, gives Illinois as one of eight States that hold the doctrine that the plaintiff must not only show negligence on the part of the defendant, but must also show that " he was in the exercise of due care in respect to the occurrence from which the injury arose." He gives ten States holding the contrary doctrine (Wisconsin among them), and says that New York and several other States have irreconcilable decisions.

Again, the law is well settled that the question of comparative negligence is not involved except when the injured party

has exercised ordinary care.   R. R. Co. v. Clark, 108 Ill. 113; Steel Co. v. Martin, 115 Ill. 358.

And he must exercise ordinary care "with reference to the particular circumstances involved, for his personal safety." Manufacturing Co. v. McLean, 18 Ill. App. 447.

Again, if appellee had knowledge of the danger, that is presumptive evidence of neglect on her part, so much so as to call upon her to rebut it.   Achtenhague v. Watertown, 18 Wis. 321; Bruker v. Town of Covington, 69 Ind. 33; Pittsburg Southern Railway Company v. Taylor, 104 Penn. St. 306.

Mr. Dillon, in his work on Municipal Corporations (Sec. 1007, 3d Ed.), says: "Adverting to this subject in a general way, it may be stated that the party injured must be free from contributory negligence, i. e., if he knew of the defect or obstruction, and ought reasonably to have avoided it by going outside or around it, and did not, he can not recover."

Messrs. JOHN L. PRATT and SAMUEL ALSCHULER, for appellee.

UPTON, P. J.   This action was brought by the appellee against the appellant, to recover damages for a fall on a sidewalk in the appellant city, alleged to have been occasioned by the defective condition of a sidewalk therein, which the city was bound to keep in repair.

From the evidence in this record, which we have carefully examined, there can be no question as to the unsafe condition of the walk at the time and place of the injury complained of, or the duty of the city to keep the same in repair; indeed, this is not disputed by appellant.   Nor can there be any doubt that, under the evidence, the jury in the trial court were warranted in finding that the appellee had two ribs broken by the fall (the eighth and twelfth ribs), one of which had at the time of the trial below, united, and the other in all probability never will unite.   That in consequence of the fall appellee has suffered great bodily pain, and that she is now an invalid and her health seriously impaired, and to such an

extent that she is unable to perform the household labor for her family, as before she was accustomed to do, and that, consequent upon the injury to her arm, produced by the fall, there now exist symptoms of progressive paralysis in that member of appellee's body.

The injury occurred on the evening of December 25, 1887, and while the appellee was returning from services at the church on that Christmas eve, accompanied by her son and a Miss Ginley. The walk was constructed of boards or planks placed upon stringers laid upon the ground, which plank and stringers had become rotten to such an extent that the nails would not hold the plank or boards in place on the stringers so that the same were loose and would fly up when stepped upon; and the injury to the appellee was occasioned by one of the planks or boards on this walk springing up, catching the foot of appellee, and throwing her flat upon the walk, producing the injury whereof she complains. The city authorities had notice of this defective condition of the walk in question for a sufficient length of time prior to the injury, to have put the same in repair. The testimony shows that the walk in question had been in this impaired condition for more than a year prior to the injury, and was known to appellant, and that the appellee frequently passed over this walk and also knew of its condition.

At the time of the occurrence the appellee, who was a healthy and somewhat robust woman, did not suppose herself much injured, but suffered from pain in the neck and side, and in eight days after the injury she took to her bed and was quite ill for some time, the attendant physician treating her for pleurisy. Soon after getting up from this illness she visited relations in Ottawa, remaining there about two weeks and then returning to her home, aiding in her accustomed household duties as she was able, without further special treatment for the injury until the following June, when the swelling and pain in her side growing worse, she visited Chicago to obtain medical advice and aid, and upon personal examination the nature and extent of her injury was first ascertained and the probable permanent character of it made known to her. Thereupon

this suit was commenced in the Circuit Court of De Kalb County.

The declaration was in the usual form in case, alleging due care on the part of appellee, and negligence of appellant municipality, causing the injury, etc. The plea was the general issue. The cause was tried before a jury, who returned a general verdict for the plaintiff and assessed her damages at $2,750 and special findings submitted by appellant, which in no way contravened the findings of the general verdict rendered. The trial court overruled a motion for a new trial and gave judgment on the verdict, to which appellant excepted and prayed an appeal to this court, and it is now before us for review.

Appellant contends that the jury were *not justified* from the evidence in finding:

1st. That the accident complained of was the cause of the injury, or

2d. That appellee was exercising ordinary care at the time of the injury, and in her subsequent efforts to effect a cure from the effects thereof.

3d. That the trial court erred in giving appellee's instruction No. 10 to the jury.

*First.* Under the evidence in this record we are compelled to say that we have no doubt but that the injury complained of was caused by the fall upon the walk in question, substantially at the time, place and manner as stated in the declaration, and the jury, in our judgment, were fully justified by the evidence in so finding their verdict as rendered.

*Second.* As to appellee's care; this involves two inquiries, viz.: first, as to the care or want of it, exercised by appellee at the time of the injury, and second, in her subsequent efforts to effect a cure.

That the appellee had the legal right to walk over the sidewalk in question, although she knew or might have known of the impaired condition, and was not compelled to take some other route or street, more or less direct, from her home to the church she was accustomed to attend, will hardly be denied. City of Aurora v. Hillman, 90 Ill. 61; Bloomington

v. Chamberlain, 104 Ill. 268; City of Joliet v. Conway, 17 Ill. App. 577, and cases cited; Ellis v. City of Peru, 23 Ill. App. 35.

The degree of care which the law requires the appellee to exercise was *ordinary care under all the circumstances of the case*, and the appellee's knowledge, if such she had, of the true condition of the sidewalk, would be one of the circumstances to be considered by the jury in the determination of whether appellee at the time was in the exercise of ordinary care; and the jury were so instructed by the trial court fully and specifically, at the request of both parties.

It is apparent that appellee did not know the extent of impairment to the walk from decay. She testified she knew the boards upon it were loose and she "always looked out for it," but she could not say what particular thought was in her mind at the precise moment the injury occurred; but that she was always careful as to that walk she stated many times in her answer to questions propounded to her and there is nothing in this record to contradict her. That the board or plank of the walk at the time in question unexpectedly sprang up, caused by the son of the appellee treading or stepping upon it near the end where the walk extended beyond the stringers is unquestionably true, and if the appellee was guilty of such contributory negligence as would bar a recovery in this case she must *have done or failed to do something which a reasonably prudent person similarly circumstanced would not have done or failed to do.*

It is beyond cavil that appellee had the right to use the walk in going from her home to the church and return, in the exercise of which right we have seen the testimony undisputed was, that she was always careful in passing over that walk and was in the exercise of such care at the time in question. Wherein, then, it may be asked, did the dereliction consist? Or what palpable act or omission appears from the evidence in this case so grave as to defeat a recovery herein?

The question of negligence under all the facts and circumstances in evidence was one *of fact* for the jury, and in this

the jury were instructed particularly by the trial court that
before appellee could recover, the evidence must establish
that at the time of the injury appellee was in the exercise of
due care, *which was carefully defined.* The jury have found
that issue for appellee. We are not prepared to say that they
erred in so finding. Indeed, we are unable to perceive what
more or greater care appellee could have exercised than she
did, unless to have refrained from the use of the walk alto-
gether, and this she was not legally bound to do. The coun-
sel for appellant, learned and astute as he is, has suggested
but one way in which appellee at the time of the injury could
have exercised greater care, viz., " by keeping in the middle
of the walk." This, it is apparent, would not necessarily have
prevented the fall. The injury was caused by the springing
up of a board or plank in the walk in front of appellee,
as she was walking over it, and tripping her, causing the fall.
It would be mere conjecture as to how high the plank raised
which occasioned the injury, and if probabilities could be
indulged, it would be more probable that the plank, raised
from the walk by stepping upon the one end, the bearing being
in the center or middle (which is most favorable to the
appellant), would spring at the middle or bearing, sufficient
to catch the foot of one passing over the same at its point
of bearing, and such probabilities would be increased if occur-
ring in the night time, when those passing had not the per-
fect use of the sense of sight to direct their footsteps in the
exact center or avoid the raised obstruction.

In our opinion the evidence shows appellant was in the
exercise of ordinary care. By this we do not necessarily
mean to say that appellee may not have been guilty of some
slight degree of negligence and yet have observed ordinary
care sufficient to maintain this action. It is not necessary for
the determination of the question before us that we go farther
than we have stated. C., B. & Q. Ry. v. Warner, 123 Ill. 38,
and cases therein cited.

As to appellee's care after the injury to effect a cure: It
was the duty of appellee and she was bound by law to make
use of ordinary care to render the effects of the injury

no greater than was necessary. It was her duty to employ such aid, surgical and otherwise, as ordinary prudence in the situation required, and to use ordinary judgment and care in so doing. But the law does not make the appellee an insurer in such case that such surgeons, doctors or nurses will be guilty of no negligence, want of care or skill, or of error in judgment. The liability to mistakes in judgment of the efforts or means used in the endeavor to effect a cure or causing a union of broken ribs, or even in the determination of the dislocation thereof, are *incidents* of such injury, and when such mistakes occur (the injured party using ordinary care) the injury resulting from such mistakes, if any, is in law regarded as one of the immediate and direct damages resulting from the injury. Pullman Palace Car Co. v. Bluhan, 109 Ill. 20 ; The City of Elgin v. Riordan, 21 Ill. App. 600.

We see nothing in the record before us, in view of the principles of law stated, to warrant us in interfering with the verdict of the jury, and their special findings in that regard in this case; indeed, on the contrary, we are satisfied that the jury were fully warranted from the evidence in so finding especially and in the general verdict in the case, upon the question of the care on the part of appellee.

*Third.* It is strenuously insisted herein by the appellant that the instruction " number ten (10)," given for the appel-lee, was erroneous and misleading.

That instruction reads as follows:

"If the jury believe from the evidence that the most direct route for the plaintiff in going to and from the Congregational church in the city of Sandwich, to her home in said city, was over the sidewalk along the south side of Third street in said city, then, the fact, if shown by the evidence, that such sidewalk in said street over which the plaintiff passed was defective, and had been in a defective condition for some months previous to the alleged injury, would not oblige her to take another less convenient sidewalk."

That this was and is the law we entertain no doubt. City of Aurora v. Hillman, 90 Ill. 61; City of Joliet v. Conway, 17 Ill. App. 577, and cases cited therein ; The City of Peru v. Mary Ellis, 23 Ill. App. 23, and cases cited.

City of Sandwich v. Dolan.

Appellant's counsel have referred to Momence v. Kendall, 14 Ill. App. 229; Centralia v. Krouse, 64 Ill. 20; President v. Carter, 2 Ill. App. 34; Lovinguth v. Bloomington, 71 Ill. 238, and some other cases determined in the adjoining States of Wisconsin and Indiana.

It is believed the cases adjudicated in this State, last above cited, are clearly distinguishable from the case at bar.

In Momence v. Kendall, the walk had been condemned and guards were placed to obstruct passage over the same, the place where the walk had been having been excavated for a cellar and a plank placed across the excavation; the plaintiff, knowing this fact, jumped the guards, and in attempting to walk the plank placed across the excavation, took his chances, fell, and was injured. It is plain under such circumstances no recovery could be had. President v. Carter was where a bridge had been condemned and guards placed to prevent travel and use of it, which the plaintiff knew. The plaintiff in crossing was there held properly to have taken his chances. The two last cases cited, Lovinguth v. Bloomington, and that of Centralia v. Krouse are commented on and distinguished from the case at bar in the case of Aurora v. Hillman, *supra.*

In the case at bar there is no pretense that the walk in question had been condemned or any obstruction placed there or notice given the public of its defective condition or prohibiting the use thereof, or that the appellee knew or had reason to know that the particular plank or part of the walk where the injury occurred, was dangerous or unsafe. Under the facts in this case shown by the record we can not say the trial court erred in giving the instruction complained of, and we content ourselves as to what constitutes the burden of proof as to the appellee's *care* in this case, when the basis of recovery is negligence, by stating that in our judgment the plaintiff (appellee) by proving the facts hereinbefore stated, as she clearly did, and without disclosing any negligence on her part in so doing, established a *prima facie* right of recovery, and if the appellee was in fact guilty of such contributory negligence as would defeat a recovery, it then devolved

upon the defendant to prove it by way of defense, which it could not or neglected to do. It is no doubt true it might not have been error had the trial court refused the instruction complained of, but in our judgment it was *not error* to *give it*, and for the reasons before stated, finding no substantial error in the record, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*