Hooghkirk agt. President, &c., of the Delaware and Hudson Canal Co.

## SUPREME COURT.

WILLIAM HOOGHKIRK, administrator, &c., of ELIZA HOOGH-
KIRK, deceased, agt. THE PRESIDENT, MANAGERS AND COM-
PANY OF THE DELAWARE AND HUDSON CANAL COMPANY.

*Action for negligent killing — Damages — When verdict should not set aside as*
*excessive.*

In an action to recover damages for the death of plaintiff's intestate,
caused by the negligence of the defendant, it appeared that the deceased
was the only child of the plaintiff, a man in moderate circumstances,
and was a healthy and bright child, a girl of six years of age, and left
her surviving a father and mother, the latter of whom was also severely
injured and crippled by the same accident. The jury gave a verdict
for $5,000:

*Held,* that it should not be set aside as excessive.

When the condition of life of the parties is shown, and there is a reason-
able prospect of a long and useful life to the party killed, the jury are
to estimate the present and prospective damages caused by the death to
the next of kin, to be measured according to their best judgment by the
actual "pecuniary injuries to such" next of kin   The discharge of such
a duty, expressly confided to a jury by statute, necessarily, in a case
which presents reasonable grounds of conjecture, involves a wide dis-
cretion, and unless the evidence shows a plain error, the verdict cannot
be disturbed:

*Held,* further, that, as the "calculations of the damages, based solely upon
the circumstances and conditions of the parties, are for the jury, it is
impossible, as no fact is proven which shows the verdict to be *neces-*
*sarily* excessive, to disturb the findings of the jury in this case.

The following principles held to be established by the cases cited in the
opinion:

*First.* The plaintiff in an action of this character need not show any direct
pecuniary loss.

*Second.* When the circumstances and conditions in life of the next of kin,
and the age, sex and mental characteristics of the deceased are shown,
it is for the jury to estimate "the pecuniary injuries," present and
prospective, to the next of kin.

*Third.* The court cannot say, "*as matter of law,*" in the case of the death
of an infant, and no actual loss in dollars and cents shown, "that there
is no pecuniary damage in such a case, or that the expense of maintain-
ing the child would necessarily exceed any pecuniary advantage which
the parents could have derived from its service had it lived;" and that

Hooghkirk agt. President, &c., of the Delaware and Hudson Canal Co.

the "*calculations*" of the *probable* injuries "are for the jury," because evidence on such a subject beyond what has been above stated to be proper would necessarily be speculative and hypothetical;" and

*Fourth.* When juries have only, by such lights as the circumstances and condition in life of the next of kin, and the physical and mental characteristics of the deceased afford, *calculated* and ascertained "the pecuniary injuries" to be *hundreds of dollars,* the courts cannot interfere.

*Albany Circuit and Special Term, May,* 1881.

MOTION by defendant for a new trial on the ground that the damages awarded by the jury are excessive.

*Smith & Moak,* for defendants and motion.

*Parker & Countryman,* for plaintiff, opposed.

WESTBROOK, *J.* — On the 12th day of May, 1880, a verdict was rendered in this action for the sum of $5,000. That verdict the defendant moves to set aside upon the sole ground that it is excessive. Preliminary to any discussion of the merits of the present motion a brief statement of the facts of the case will be given.

On the 7th day of November, 1879, the plaintiff, who was a gardner residing upon Van Rensselaer Island, in the county of Albany, was coming in a wagon drawn by two horses to the city of Albany. With him in the wagon were his wife, two hired men and his infant daughter Eliza, who had passed her sixth birthday a few days before. In going to the city the route was across the railroad track of the defendant, in crossing which the wagon was struck by one of its locomotives and substantially destroyed, all the inmates more or less injured and the infant daughter killed.

The action was brought to recover the damages caused by the death of such infant and is controlled by our statutes, which will be found in the third volume of the Revised Statutes (*6th ed.*), pages 569 and 570.

The deceased Eliza, as the proof showed, was the only child of the plaintiff, a man in moderate circumstances, and was "a

healthy and bright child," and left her surviving a father and mother, the latter of whom was also severely injured and crippled by the same accident.

The jury was particularily instructed that in estimating the damages if they should find that the accident was caused solely by the negligence of the defendant, and that the plaintiff was free from contributory negligence, they should be strictly confined " to the pecuniary injuries resulting from such death to the * * * next of kin of such deceased person." And that the pain and shock to the feelings of the parents caused by the death of their daughter could not in any way be considered ; and that they were limited in fixing such damages by what, in their honest judgment, " they should deem a fair and just compensation " for " the pecuniary injuries resulting from such death." Which compensation, however, could not exceed " five thousand dollars."

Under this charge, as has already been stated, the jury awarded $5,000, and the question which the present motion presents is : Can the court, as matter of law, pronounce the verdict excessive ?

The action is predicated upon a statute, and by it the jury is specially charged with the duty of estimating the damages. Its language is : "And in every *such* action the *jury* may give *such* damages as *they* shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death, to the husband or widow and next of kin of such deceased person." It would be exceedingly difficult to frame a law which in words would confer greater discretion upon a jury. The question of damages in an action of this character would, without any statutory provision so declaring, be one of fact ; and if the intent of the act was simply to give the right of action, in a case where death ensued from the wrongful act of another, it would have been sufficient so to declare, and a jury would, without any special direction in the statute, have awarded them. The legislature, however, has not contented

itself with giving the action, thereby leaving the damages to be ascertained according to the usual course of procedure, but it has also, by express words, specified and separated the functions of the jury from those of the court "in every such action." Our law makers knew that in this class of actions the damages would be largely conjectured, and, hence, the special provision to which attention has been called. "The jury may give, declares the act, "such damages as they," not the court, "shall *deem* a fair and just compensation, *not exceeding five thousand dollars*, with reference to the pecuniary injuries resulting from such death, to the husband or widow and next of kin to such deceased person." When such a discretion is confided to a jury by unmistakable language it is difficult to see upon what principle a court which has not a particle of proof evidencing that the sum awarded as damages is *necessarily* excessive, nor to justify the assumption that the verdict does not represent the honest judgment of the jury upon the question submitted to it, can decide that the finding shall not be upheld because its judgment differs from that of the jury. The answer to any argument urging the interference of the court upon any such ground is that the act which gives the action has made the jury and not the court the tribunal, whose judgment upon that point is to control. As matter of law it is impossible for any court to say that the actual "pecuniary injuries" resulting from the death of the infant *might* not be $5,000. Possibly the probabilities are against it, but the statute, in this region of conjecture, has committed the formation of an opinion to a jury, upon whose discretion the only limitation is the maximum which is thereby allowed.

It must not be understood, however, that the jury are, in the assessment of damages, beyond legal control. If it appears that the amount of their verdict has been increased by the consideration of an improper element, or if the facts of the case show that "the pecuniary injuries resulting from such death" could not equal the amount awarded, the courts can interfere.

To the latter class of cases, the extreme one, put by the counsel for the defendant, of "a man far advanced in life and so extremely infirm that he was utterly helpless," etc., would belong. In such an instance the facts would show a verdict of $5,000 to be excessive. But when the condition in life of the parties is shown, and there is a reasonable prospect of a long and useful life to the party killed, the jury are to estimate the present and prospective damages caused by the death to the next of kin to be measured, according to their best judgment, by the actual "pecuniary injuries to such" next of kin. The discharge of such a duty, expressly confided to a jury by statute, necessarily, in a case which presents reasonable grounds of conjecture, involves a wide discretion, and unless the evidence shows a plain error the verdict cannot be disturbed.

This is, it seems to me, no novel or strained interpretation of the act, but one which is abundantly sustained by decisions of our own courts. In *Oldfield* agt. *New York and Harlem Railroad Company* (14 *N. Y.*, 310), the deceased, Hetty Downie, a female child of the age of about seven years, had been run over by the defendant's cars and killed. She lived with her mother. On the trial a nonsuit was asked upon the ground, among others, "that there was no proof of any pecuniary or special damages sustained by the plaintiff or by the next of kin." The motion was overruled, and the·plaintiff had a verdict for $1,300. The court of appeals, per WRIGHT, J. (*pages* 317, 318), said: "It is not required, to sustain the action, that there should be proof of actual pecuniary loss. * * * The damages are to be assessed by the jury with reference to the pecuniary injuries sustained by the next of kin in consequence of such death. This is not the actual present loss which the death produces, and which could be proven, but prospective losses also. * * * They may compensate for 'pecuniary injuries,' present and prospective. * * * What I think the legislature intended was that *the jury*, who had all the circumstances of the casualty, and the

precise condition and relationship of the parties before them, should give such a compensation as *they* should deem just and fair, keeping in view that it was to be measured by the injury done to the next of kin."

In *Ihl* agt. *Forty-second Street Railroad Company* (47 *N. Y.*, 317), the court of appeals, per RAPALLO, J. (*pages 320, 321*), say: " The absence of proof of special pecuniary damage to the next of kin, resulting from the death of the child, would not have justified the court in nonsuiting the plaintiff, or in directing the jury to find only nominal damages. It was within the province of the jury, who had before them the parents, their position in life, the occupation of the father, and the age and sex of the child, *to form an estimate* of the damages, with reference to the pecuniary injury, *present or prospective*, resulting to the next of kin. Except in very rare instances, it would be impracticable to furnish direct evidence of any specific loss occasioned by the death of a child of such tender years; and to hold that, without such proof, the plaintiff could not recover, would, in effect, render the statute nugatory in most cases of this description. It cannot be said, *as matter of law*, that there is no pecuniary damage in such a case, or that the expense of maintaining and educating the child would necessarily exceed any pecuniary advantage which the parents could have derived from his services had he lived. *These calculations are for the jury*, and any evidence on the subject, beyond the age and sex of the child, the circumstances and condition in life of the parents, or other facts existing at the time of death or trial, would necessarily be speculative and hypothetical, and would not aid the jury in arriving at a conclusion."

The child in the case just referred to was a male child of the age of three years and two months. The verdict was for $1,800, and was sustained.

In *McGovern* agt. *The New York Central and Hudson River Railroad Company* (67 *N. Y.*, 417), the action being for the death of a boy eight years of age and the recovery

Hooghkirk agt. President, &c., of the Delaware and Hudson Canal Co.

$2,500 (*see Error Book in State Library*), the court held that the jury, in an action of this character, could estimate the whole damages sustained by the father from the death, as well as those proceeding from the loss of services during minority as those after.

There are many other cases (*Quinn* agt. *Moore*, 15 *N. Y.*, 432, 436; *O'Mara* agt. *Hudson R. R. R. Co.*, 38 *N. Y.*, 445, 450; *Tilly* agt. *Hudson R. R. R. Co.*, 29 *N. Y.*, 252, 285, 287; *S. C.*, 24 *N. Y.*, 471, 475, 476; *Carey* agt. *N. Y. C. and Hud. R. R. R. Co.*, 6 *Abb. N. C.*, 104, 119; *S. C.*, 73 *N. Y.*, 518; *Bierbauer* agt. *N. Y. C. and Hud. R. R. R. Co.*, 15 *Hun*, 559; *affirmed*, 77 *N. Y.*, 588; *and several others;* also see *article in Southern Law Review of May and June*, 1882, *pp.* 68, 77, 78), which may be consulted in this connection, but those specially referred to clearly establish the following principles, viz.: 1st. The plaintiff in an action of this character need not show any direct pecuniary loss.   2d. When the circumstances and condition in life of the next of kin, and the age, sex and physical and mental characteristics of the deceased are shown, it is for the jury to estimate "the pecuniary injuries," present and prospective, to the next of kin. 3d. The court cannot say, "*as matter of law*," in the case of the death of an infant, and no actual loss in dollars and cents shown, "that there is no pecuniary damage in such a case, or that the expense of maintaining the child would *necessarily* exceed any pecuniary advantage which the parents could have derived from its services had it lived;" and that the "*calculations*" of the *probable* injuries "are for the jury," because *evidence* on such a subject, beyond what has been above stated to be proper, "*would necessarily be speculative and hypothetical ;* " and 4th. When juries have only, by such lights as the circumstances and condition in life of the next of kin, and the physical and mental characteristics of the deceased afford, *calculated* and ascertained "the pecuniary injuries" to be *hundreds of dollars*, the court cannot interfere.

These principles must be decisive of the case under con-

sideration. If, when the circumstances of the death, the situation and condition of life of the next of kin, and who and what the deceased was, are shown, the court cannot say, " *as matter of law*," that no damages have been sustained, and that verdicts for sums ranging from $1,500 to $4,500 (*the latter was the verdict in Carey agt. N. Y. C. and H. R. R. R. Co.*, *above cited*) cannot be overturned upon the ground that they are not warranted by the evidence, then it is equally impossible to say, " *as matter of law*," that the verdict in the present case cannot be upheld. It is true, as judge RAPALLO says (47 *N. Y.*, 320, 321), that evidence of damages in cases of this character " would necessarily be speculative and hypothetical," and for that reason such evidence would be improper; but, that which witnesses are forbidden to do, viz.: To *speculate* as to the *probabilities* of the future, he concedes a jury may do, and must do, when he holds that they must *calculate* the " pecuniary injuries " to the next of kin, present and future, based upon the simple facts of death, and circumstances and condition in life of the parties. In this region of *conjecture*— for it is simply and only that — no judge and no court can say, " as matter of law," that a verdict for $5,000 is in excess of the possibilities of the injury. In fact, and in truth, there is no middle ground between the position that the recovery must be limited to the actual pecuniary loss and damage proved, and the other, that the discretion of the jury in a case in which there is room for conjecture, is only limited by the maximum amount allowed by statute. Either the one or the other is the law, and as the courts of this state, at least, hold that the " calculations " of the damages, based solely upon the circumstances and conditions of the parties, are for the jury, it is impossible, as no fact is proven which shows the verdict to be *necessarily* excessive, to disturb the finding of the jury in this case.

In reaching the conclusion just announced, it is proper to say that the case of *Lehman agt. City of Brooklyn* (29 *Barb.*, 235), and others cited by the counsel of the defendant, have

not been overlooked. The one just referred to is clearly in conflict with those in the court of appeals, upon which comment has been made. In regard to a question so important and interesting as that involved in this motion, judicial opinions must vary. It has been the aim of this opinion to show what principles have been established by our court of last resort, and apply such principles to the present case, rather than to critically review every reported decision. Upon principles, as it seems to me, clearly recognized by our court of appeals, the present motion for a new trial must be denied.