ILLINOIS & ST. LOUIS R. R. Co.

v.

WILLIAM WHALEN, Adm'r, etc.

</div>

1. DUTY IN CONSTRUCTION OF TRACKS AND ADJACENT BUILDINGS.—The law imposes upon a railroad company the duty of constructing its tracks and adjacent buildings so that its employes will not be exposed to extra hazard in the performance of their duties. Under the evidence in this case the railroad company was guilty of gross negligence in permitting the shed in question to be in such dangerous proximity to the track.

2. DAMAGES.—The fact that the deceased, whose next of kin was a father and brothers and sisters, contributed a portion of his wages to the support and education of his younger brothers, is sufficient to entitle his administrator to recover more than nominal damages.

APPEAL from the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed July 10, 1886.

Mr. J. M. FREELS, for appellant.

Messrs. G. & G. A. KOERNER, for appellee.

WILKIN, J.   This is an action on the case under the statute, charging appellant with negligently causing the death of John Whalen.

The negligence charged is the erection and maintenance of a scale house or shed by defendant so near to its track as to endanger its employes in passing along its tracks upon its locomotives and cars through or by said shed, of which it had notice, etc.

On the trial below appellee recovered a verdict for $2,000, but on a motion for new trial he was required to remit $1,200 to avoid the allowance of the motion.

The remittitur having been entered the motion for a new trial was overruled, and judgment entered for $800 and costs of suit.

The only ground upon which a reversal is urged, is that the verdict of the jury and the judgment of the court is contrary to the law and the evidence.

Counsel for appellant insist, with seeming earnestness, that there is no evidence of negligence on the part of appellants; that the proofs failed to show that the deceased was in the exercise of due care at the time of his death; that under the evidence deceased should be held to have had knowledge of the dangerous situation, and therefore to have voluntarily taken the risk, and it is lastly contended that the deceased, being at the time of his death past twenty-one years of age, no more than nominal damages could in any event be recovered under the proofs.   Deceased was a switchman in appellant's employ; at the time of his death he was standing on the side foot board of a locomotive, attached to a freight train

passing through the scale shed; while no one saw him at the moment of his death, there can be no doubt from the evidence that he was knocked, or dragged off the foot board by coming in contact with the shed; the cars passing over his body, and causing instant death. On the next morning at the coroner's inquest the same locomotive was placed on the track at the point where he was struck, and the distance measured, from the side of the engine where he stood, to the shed, and it proved to be but about seven inches.

It is in evidence and uncontradicted, that freight cars passing along the track had rubbed against the side of this shed, leaving marks upon it. The engineer and fireman in charge of the engine at the time of the accident, introduced by appellant, as well as every other witness interrogated on the subject, swear that it was a dangerous place.

Another employe of appellant had been previously injured there, and it had notice of that fact. The shed and track had been in the same relative positions for several years. The law imposed upon appellant the duty of constructing and maintaining its track, and adjacent buildings, so that its employes would not be exposed to extra hazard in the performance of their duties, and it was held to be negligence in a railroad company to allow the edge of an awning to its station house to be but eighteen inches from its track: I. C. R. R. Co. v. Welch, 52 Ill. 183; also to have a mail catcher in dangerous proximity to the track: C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; or to allow a telegraph pole to remain within eighteen inches of the sides of freight cars on its track: C. & I. R. R. Co. v. Russell, Adm'r, 91 Ill. 298. In the light of these decisions and in view of the facts charging appellant with not only constructive but actual notice of the dangerous situation, it was guilty of *gross negligence* in permitting the shed to remain so near to the track. It follows therefore, that even if the deceased was guilty of slight negligence, the plaintiff's right of recovery would not be thereby defeated.

There is, however, sufficient evidence in the record to sustain the allegation of due care on his part. It is not necessary

to establish that fact by direct testimony. The deceased is shown to have been in the line of his duty. He was at one of the places on the locomotive provided for him to stand. He was the head switchman of the train, and at a place where, as such, he might properly stand. He was seen in that position but a moment before he was killed, doing no act from which negligence could be inferred. The evidence shows that he was a careful, active switchman. These fac s sufficiently prove that he used due diligence. C. B. & Q. R. R. Co. v. Gregory, *supra ;* Missouri Furnace Co. v. Abend, 107 Ill. 44.

There is no proof whatever that John Whalen had actual notice of the danger to which he was exposed, and from which he lost his life, nor do the facts proved as to his having previously worked for appellant, and the length of time he had been so engaged on this occasion, charge him with such notice. It does not appear that his duties at any time previous to the occasion of his death had brought him in a position to have observed the relative position of the track and shed at the particular point at which he met his death. The jury was justified in concluding that he was not apprised of the danger and that he was not negligent in that respect. Wharton on Negligence, Sec. 217. That the deceased left the next of kin mentioned in the declaration, viz., a father and brothers and a sister, is admitted, but ignoring the proof that he had to some extent, at least, contributed to their support and education, or assuming that that evidence is not entitled to credit, it is argued that only nominal damages at most could be recovered. The jury, who saw the witnesses and heard them testify, had the right to credit the evidence of the father, from which it is shown that after arriving at his majority he did contribute of his wages to the support and education of his younger brothers, who were in college. Whether these contributions were much or little is immaterial in determining whether a recovery can be had beyond nominal damages. The fact that he did so contribute in whole or in part is sufficient to entitle his administrator to recover more than nominal damages. C. & A. R. R. Co. v. Shannon, Adm'r, 43 Ill. 346. While it is true that the damages recoverable in this class of cases must be

confined to the pecuniary loss sustained by the next of kin, there are no fixed rules by which that loss can be estimated, and hence the damages must be left largely to the jury.

In this case the trial court has exercised its right to require the plaintiff to remit the larger portion of the amount found by the jury, or submit to another tr'al of the case. We find nothing in the evidence to justify this court in again interfering with the judgment on the ground that it is excessive. No fault is found with the court below in giving or refusing instructions. No error is assigned on the admission or exclusion of evidence. Appellant's abstract is imperfect, and this, as to the evidence of plaintiff, is admitted, and the court invited to examine the record because, as it would seem, the labor of abstracting it was too great ; appellee has furnished a more complete abstract and we think it was necessary to do so to fully and fairly present the case. The costs of such additional abstract will therefore be taxed to the appellant.

Affirmed.