JENNIE STUMER

v

LIZZIE PITCHMAN.

*Slander—Words Actionable* per se—*Charge of Theft—Practice—Admission of Evidence—Remittitur.*

1. In an action to recover damages for slander, it is *held:* That the words, "she is a thief," "she stole $30," and other words to the same effect, are actionable *per se;* that the evidence sustains the finding of the jury; that the defendant is guilty of uttering and publishing said words; that the instruction given for plaintiff was proper; and that the damages are not excessive.

2. The admission of evidence can not be assigned for error where proper objections were not interposed at the trial.

3. The practice of entering a remittitur of a portion of the damages in cases sounding in damages, to avoid a new trial, is well settled in this State, and such remittitur is not to be taken as a confession that the jury were actuated by passion and prejudice.

[Opinion filed February 2, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for appellant.

Messrs. BRANDT & HOFFMAN, for appellee.

*Per Curiam.* This was an action on the case brought by the appellee against the appellant for an alleged slander. The jury, at the trial, found the defendant guilty and assessed the plaintiff's damages at $2,400. From that sum the appellee remitted $800, and thereupon the court, after denying the appellant's motion for a new trial, gave judgment in favor of the plaintiff for $1,600 and costs.

· We are of the opinion that the words alleged in the declaration are actionable *per se,* and that the evidence, though quite conflicting, warranted the jury in finding the defendant

guilty of uttering and publishing said words in manner and form as alleged.

All the instructions asked on behalf of the defendant were given by the court to the jury. One instruction only was given at the instance of the plaintiff, and the defendant has assigned that for error. We have considered said instruction with care, and are of the opinion that it is not obnoxious to any just criticism.

Complaint is made of the course pursued by the plaintiff's counsel in the examination and cross-examination of the witnesses, and of the admission of much irrelevant and improper testimony. While we are inclined to the opinion that considerable evidence was elicited from the witnesses which should have been excluded, and which we may presume would have been excluded if proper objections had been interposed, we find no exceptions to its admission preserved in the record, and upon well recognized rules of practice, its admission can not now be assigned for error.

The point is made that the damages are excessive. In cases of this character the damages are largely in the discretion of the jury and we can not say that they are too large, and reverse the judgment for that reason, unless the sum recovered is such as to strike the mind at first blush as unreasonable and excessive. We are of the opinion that such is not the case here, especially since the damages have been reduced by the plaintiff's remittitur. The practice of entering a remittitur of a portion of the damages in cases sounding merely in damages, to avoid a new trial, is well settled in this State, and such remittitur is not to be taken, ordinarily, as a confession that the jury were actuated by passion and prejudice. Cases sometimes occur where such inference would perhaps be warranted, but we can not say that this is one of them. We find no ground upon which we would be warranted in reversing the judgment, and it will accordingly be affirmed.

*Judgment affirmed.*