# MARY ELLIS

v.

# CITY OF PERU.

*Municipal Corporations—Defective Sidewalk—Instructions.*

Where one goes upon a sidewalk which he knows to be out of repair, and is injured while in the exercise of ordinary care, he may have a right of action.

[Opinion filed May 27, 1887.]

IN ERROR to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. FOWLER BROTHERS, for plaintiff in error.

Messrs. DUNCAN & O'CONNOR and H. T. GILBERT, for defendant in error.

WELCH, J. This was a suit brought by the plaintiff in error against the defendant in error to recover damages for an injury claimed to have been caused by the negligence of defendant in error in not keeping its sidewalks in a reasonably safe condition. The evidence establishes that the condition of the sidewalk upon which the plaintiff in error fell and was injured, was in an unsafe and dangerous condition, and had been so for some time, and that the defendant in error knew of its unsafe condition. The trial resulted in a verdict and judgment for the defendant in error—from which this writ of error is prosecuted. Various errors are assigned. In the view we take of this case, the only error that we deem well assigned is that taken to the fourth instruction for the defendant in error. That instruction in effect denied the right to plaintiff in error to recover if she knew of the unsafe condition of the sidewalk, and had reasonable ground to apprehend that in passing along said walk at the point where she

fell, she would run the risk of serious bodily injury, and this though this walk was the shortest and most convenient to reach the point of her destination. Justice Baker, in City of Joliet v. Maria Conway, 17 Ill. App. 577, says: " One may go upon a sidewalk known to be out of repair and dangerous, and yet if injured, may have a right of recovery if ordinary and reasonable care is used." Bloomington v. Chamberlain, 104 Ill. 268, 271; Aurora v. Dale, 90 Ill. 46; Aurora v. Hillman, 90 Ill. 61; Lovenguth v. Bloomington, 71 Ill. 238.

The evidence in this case shows that this walk was in daily and constant use by the public; that many persons passed over it daily : such being the case it was not like the walk in the City of Centralia v. Krouse, 64 Ill. 19.

The degree of care which the law required the plaintiff to exercise was ordinary care; under all the circumstances of the case, the plaintiff's knowledge as to the condition of the side-walk would be one of such circumstances to be considered by the jury, in determining whether there had been the exercise of ordinary care.

For the error herein indicated the judgment is reversed and cause remanded.

*Judgment reversed.*