## VILLAGE OF CLAYTON
### v.
## LOUISA W. BROOKS.

*Municipal Corporations—Defective Sidewalk—Personal Injury—Contributory Negligence—Ordinary Care—Notice—Remittitur—Evidence—Instructions—Special Findings.*

1. The question of ordinary care on the part of a person injured by reason of a defective sidewalk, is for the jury.

2. It is not negligence *per se* to pass over a sidewalk known to be out of repair.

3. If the declaration contains averments covering the defect which caused the injury, evidence fully descriptive of the walk may be admitted.

4. The practice of entering a *remittitur* of a portion of the damages in cases sounding in damages, to avoid a new trial, is well settled in this State.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. WILLIAM MCFADON, for appellant.

We insist that appellee can not recover and for these reasons:

From the prior knowledge of appellee of the existence of the hole which caused her injury, and of the fact that the

Clayton v. Brooks.

walk was thereby made dangerous, one or other of the following two results legally follow:

1. That appellee was herself guilty of and brought her injury upon herself by her own contributory negligence; for it is apparent that by the exercise of ordinary care, she could have gone around the hole without leaving the sidewalk, or, had she provided herself with a light, she could have stepped over it, or gone around it, and have easily avoided it entirely. See, expressly, Indianapolis v. Cook, 99 Ind. 13; Schaefer v. Sandusky, 33 O. S. 249; Farnum v. Concord, 2 N. H. 392; Barker v. Covington, 69 Ind. 36; Fulsom v. Town of Underhill, 36 Vt. 591; President, etc., Earlville v. Carter, 6 Ill. App. 422; City of Aurora v. Brown, 12 Ill. App. 129; Chicago v. Bixby, 84 Ill. 85; Centralia v. Krouse, 64 Ill. 19; Mt. Vernon v. Dusenchett, 2 Carter (Ind.), 587.

2. That appellee was not in the exercise of that degree of care which she must show as a condition precedent to recovery. City of Aurora v. Brown, 12 Ill. App. 129; Village of Momence v. Kendall, 14 Ill. App. 232; I. C. R. R. Co. v. Green, 81 Ill. 20; C. & A. R. R. Co. v. Becker, 76 Ill. 27.

If the plaintiff, knowing, as she did, of the existence of the defects in the walk, and that the walk was thereby made dangerous, chose to pass over it late at night and when it was so dark that she could not see holes in it, she took the risk upon herself and can not recover for her injury in so doing. Farnum v. Concord, 2 N. H. 292; Horton v. Ipswich, 12 Cush. 488; Wilson v. Charlestown, 8 Allen, 138; Burker v. Covington, 69 Ind. 36; Indianapolis v. Cook, 99 Ind. 13.

Messrs. H. M. Swope and Carter & Govert, for appellee.

Appellee was not guilty of such negligence as would preclude a recovery, simply because she went upon the sidewalk after she knew it was defective or dangerous. City of Aurora v. Dale, 90 Ill. 47; City of Bloomington v. Chamberlain, 104 Ill. 273; City of Joliet v. Conway, 17 Ill. App. 577; Lovenguth v. City of Bloomington, 71 Ill. 240; Ellis v. Peru, 23 Ill. App. 35; McKinzie v. Janesville, 31 N. W. Rep. 302; Kendall v. City of Albia, 34 N. W. Rep. 833; Osborne v.

.Detroit, 32 Fed. Rep. 39. and cases cited; Shook v. City of Cohoes, 15 N. E. Rep. (N. Y.) 531.

A party passing over a dangerous walk is only required to do so in a careful and guarded manner. Lovenguth v. Bloomington, 71 Ill. 240.

Whether or not appellee was in the exercise of ordinary care for her own safety under all the circumstances is a question of fact for the jury. Chicago, St. Louis & P. R. R. Co. v. Hutchinson, 120 Ill. 587; C. & A. R. R. Co. v. Bonfield, 104 Ill. 226; City of Chicago v. Keefe, 114 Ill. 228; Kendall v. City of Albia, 34 N. W. Rep. 840; Penn. Company v. Frana, 112 Ill. 398; McKeigue v. Janesville, 31 N. W. Rep. 302; Lovenguth v. Bloomington, 71 Ill. 238; Mechanicsburg v. Meredith, 54 Ill. 84; Shook v. City of Cohoes, 15 N. E. Rep. (N. Y.) 531.

In this last case the court said: " The trial judge could not properly rule, as a matter of law, that she was guilty of culpable imprudence in attempting to pass over the obstructions upon the sidewalk, although they were known to her." Pomfrey v. Village, 104 N. Y. 459.

The fact that appellee did not go out into the street and around the defective walk does not show such a want of care on her part as to preclude a recovery. City of Aurora v. Hillman, 90 Ill. 61; Bloomington v. Chamberlain, 104 Ill. 268; Mary Ellis v. Peru, 23 Ill. App. 35; Joliet v. Conway, 17 Ill. App. 577; same case, 119 Ill. 489; McKeigue, adm'r, etc., v. Janesville, 31 N. E. Rep. 302; Kendall v. City of Albia, 34 N. W. Rep. 340.

The act of a party in voluntarily attempting to pass over a street which he knows to be defective or obstructed will not necessarily debar him from recovering damages from the municipality in case of injury. A municipality can not, by failing to keep a street in repair, deprive the public of the right to use it absolutely. The question of contributory negligence is for the jury. Frost v. Waltham, 12 Allen, 85; Rindge v. Colrain, 11 Gray, 157; Whitaker v. West Boylston, 97 Mass. 273; Pollard v. Woburn, 104 Mass. 84; Humphreys v. County, 56 Pa. St. 204; Weed v. Ballston, 66 N. Y. 329; Wheeler v. Westport, 30 Wise, 392.

WALL, P. J. This was an action on the case by appellee against appellant for injuries sustained by reason of a defective sidewalk. The appellee recovered a verdict for $4,800, of which she was, by the court, required to remit $2,300, and judgment was entered for $2,500, from which an appeal is prosecuted to this court. Various errors are assigned, but we shall not notice all in detail, and will refer only to the more important features.of the case. It is urged with great apparent earnestness that the plaintiff knew of the defect and was guilty of such want of ordinary care as to prevent recovery. She admits that she did know of it, and that she was carefully trying to avoid it, when, in spite of her care, she stepped into it, but that in the darkness she could not tell exactly where she was. It is urged that knowing the danger she had no right to undertake to pass over the place in the night time, and that it was her duty to take another route whereby she might have gone more safely. There was another route but it was very indirect, and was, according to a special finding of the jury, 531 feet further. Assuming it was safe, and that she might have gone that way, it does not follow she was required to do so.

The defect in question was quite a small break or hole in the walk and she might well suppose she could avoid it. The question was for the jury whether, under the circumstances, she used ordinary care, and considering it all, we have no disposition to disagree with the conclusion arrived at. It is not *per se* negligence for one to attempt to pass over a sidewalk known to be out of repair, though of course more care is required than if there was no notice of the defective condition. City of Joliet v. Conway, 17 Ill. App. 587; Ellis v. City of Peru, 23 Ill. App. 35; City of Aurora v. Dale, 90 Ill. 47; City of Bloomington v. Chamberlain, 104 Ill. 273; Dillon, Municipal Corporations, Sec. 1026, Note 3. Many authorities are cited by counsel in support of his position on this point, and no doubt the facts in the particular cases abundantly justified the judicial expressions quoted. In this case the question is whether the court can say that such action of the plaintiff was

so negligent as to require the finding of the jury to be set aside, and we have no hesitation in giving a negative reply.

The village had notice through its street commissioner, that the walk was out of order, and it had been in that condition so long that the jury might properly infer notice. It is urged the damages are excessive. The verdict returned by the jury was deemed too large by the court and a *remittitur* of nearly one-half was required. This practice rests upon a long line of precedents in this State, and where the final judgment is not unreasonably great the error in the verdict is held cured. Considering the nature of the injury shown by the evidence we are not prepared to say the judgment is too large. The injury was severe, involving great suffering, expense and loss of time, and is probably not more than recompensed by the sum allowed.

It is objected the court permitted evidence that the board was rotten and that there were other holes in the walk than the one stepped into, and that this was error, because no such precise condition was described in the declaration. It was competent to prove the condition of the walk, and it was not necessary that the declaration should set out and describe all the imperfections that existed. There was such averment as would include the defect causing the injury, and it was not error to permit a full description of the walk. Other objections to the admission of evidence need not be referred to, as we consider them immaterial. Much of the argument is occupied by criticism of the instructions given for plaintiff and the action of the court as to those refused or modified for defendant. The court gave seventeen instructions for plaintiff and some twenty or more for the defendant.

It is therefore apparent that the volume was enough. Too many were given, but we shall not undertake to follow counsel through the consideration of them separately. After careful reading of the entire series we find no substantial cause of complaint in those given for plaintiff, and with respect to those refused for defendant it suffices to say that so much of them as was proper to be given will be found in those that were given.

The modifications objected to were not erroneous in substance, and regarding the whole body of those given for the defendant we think there is no just reason to object. The law was presented as favorably for defendant as it had a right to ask, if not more so.

As we regard the case, the important and controlling question is whether the plaintiff was guilty of a want of ordinary care in going upon the walk at the time she did, and with the knowledge she had. On this it all depends. The point is pivotal, and if, as to this, the jury were correctly instructed, we think the judgment must not be disturbed. In our view of the law the jury were well advised as to this and other vital features of the case.

The special findings seem to consist with the general verdict, and in view of the great mass of evidence in the record it may be presumed the case was as fully presented, on the facts, as it ever can be.

The judgment will be affirmed.

*Judgment affirmed.*