CHICAGO, EVANSTON & LAKE SUPERIOR RAILWAY
COMPANY

v.

SIMON ADAMICK, ADMINISTRATOR, ETC.

*Railroads—Negligence—Personal Injuries—Crossing—Excessive Dam-
ages—Evidence—Instructions.*

1. In an action brought by a parent against a railroad company to
recover for the death of a minor daughter alleged to have been killed
through its negligence, this court holds, in view of the evidence, that the
amount of the verdict in his behalf was unwarranted and excessive.

2. In cases of this character instructions touching the assessment of dam-
ages should set forth the proper rule to be followed by the jury in arriving
at the same.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the
Hon. JOSEPH E. GARY, Judge, presiding.

Mr. EDWIN WALKER, for appellant.

Messrs. JOSEPH S. KENNARD, JR., and BRANDT & HOFF-
MAN, for appellee.

MORAN, J. This action was brought to recover for causing
the death of Tillie Adamick, the daughter of appellee.

The girl was killed at a street crossing at about seven
o'clock on the morning of November 30, 1887, while on the

way to the factory in which she worked, by being struck by a train of freight cars which were being pushed ahead of an engine, and which, it is alleged, were run over the street crossing at great speed, and without warning.

One of the issues made upon the trial was whether the appellant was the company which was in control of the train which struck the deceased, or of the railway on which the injury occurred, and it is contended by the appellant that the evidence greatly preponderates against the finding of the jury on said issue, and it is also contended that the verdict is not warranted by the evidence upon the issues as to the care of deceased and negligence on the part of those in charge of the train. As, in the view we take, the judgment must be reversed on grounds not involving any of said issues, and the case submitted to the consideration of another jury, we shall refrain at this time from any discussion of the evidence bearing upon said points of contention.

The jury assessed the damages at $5,000, the maximum sum allowed by the statute to be recovered for pecuniary loss by the next of kin. We are of opinion that the damages are not warranted by the evidence in this case.

The proof is that deceased was, at the time of her death, seventeen years and six months old, that she was in good health and was earning from nine to eleven dollars a week in a cigar factory. She lived with her father and mother, and besides them left as her next of kin three sisters, two of whom were married, and a third, a girl of sixteen, and two brothers, one twenty-five years old and one seven. There is no evidence that she contributed anything whatever to the support of her family, or that any member of it, or any of her next of kin, were in any degree dependent upon her. The only facts proved which authorized the allowance of more than nominal damages, were that the deceased was a minor, and left a family entitled by law to her services till she became of age. Chicago & Alton R. R. Co. v. Shannon, 43 Ill. 338.

While the damages that are recoverable in this class of cases can not be limited by fixed rules and must be left largely to the sound discretion of the jury, yet the finding of the jury

must have some regard to the facts—must be based on the evidence. The utmost that a widow with a large family of children wholly dependent on the earnings of the husband for support, could recover as pecuniary damages for his death, would be $5,000, and not that, unless the rate of his prior earnings would warrant it. That can not be said to be equal justice which would fix the pecuniary loss of a father for the death of his daughter, whose earnings he had the right to claim only for six months, at the same sum. True, he might receive benefits from her after she became of age, but they would be only such as duty, affection or gratitude should move her to bestow, and in the absence of all evidence that she gave her earnings to her parent when he was by law entitled to them, there is but small basis for the conclusion that she would contribute largely to him when under no legal obligations. In the case of Andrews v. Boedecker, 17 Ill. App. 213, the proof was that a son who was killed was nineteen years and eight months old, a mechanic earning $1.75 per day, and who, up to his death, gave all his wages to his mother, who, with six brothers, three older and three younger than himself, constituted his next of kin, this court set aside a verdict for $5,000, as not warranted by the evidence. In I. C. R. R. Co. v. Welden, 52 Ill. 290, the next of kin consisted of a widow and minor children who were dependent on the deceased, who was a common laboring man, and was at work when killed, but at what wages there was no proof. The verdict of $5,000 was set aside by the Supreme Court as not warranted by the proof. The court said: "If some rule is not prescribed by which juries must be governed in such cases, the result will be in all cases a verdict to the extent of the law. The jury have no right to find arbitrarily, that the death of any husband and father results in a pecuniary loss to his widow and next of kin of $5,000." See also, C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 193 ; I. & St. L. R. R. v. Whalen, 19 Ill. App. 116.

The verdict in this case was probably induced by the improper instruction given to the jury at the request of the

plaintiff.   Instruction No. 2 was as follows: "If the jury believe from the evidence that Lillie Adamick, while in the exercise of ordinary care, and without fault or negligence on her part, was killed by negligence of the defendant, as charged in the declaration, then the jury should find the defendant guilty *and assess the plaintiff's damages.*"

According to what rule should they assess the plaintiff damages? The jury were not informed by any instruction. They were set adrift upon the ocean of sympathetic emotions to which the proof of the crushing out of the life of a bright, handsome girl of seventeen by the cruel wheels of a car, would necessarily give rise in every human bosom.

The affliction of the parents and kindred appealed to them for solace, and it is not unlikely that resentment toward the defendant, the negligence of whose servants, they had found by their verdict, caused the death, influenced their estimate of the damages.   But sympathy and pity can not be allowed to form the basis of the verdict in such cases, and punishment of the defendant is not within the contemplation of the statute which authorizes the action.   The jury should have been given the rule of damages, and it was error to direct them in general terms to assess damages, without in such a case as this, advising them what elements they should consider in fixing the amount.   In City of Chicago v. Scholten, 75 Ill. 468, the jury were told to "assess the damages at such a sum as will, in the judgment of the jury, compensate the plaintiff, and, those in whose interests he sues, for the loss of the deceased." The court said: "But the instruction may be liable to just criticism, because of its ambiguity as to the nature of the damages the jury were at liberty to award.   It should have contained some words of limitation that would have expressly restricted the damages plaintiff might recover, to the pecuniary injury sustained.   No other damages are recoverable under this statute.   The court should have added the qualification indicated.   In its present form, it stated the rules as to damages recoverable in such actions, too broadly, and may have made the impression damages could be awarded for bereavement, and by way of solace for the affliction suffered."

We think this language of the Supreme Court applicable in condemnation of the instruction given in this case. The judgment will be reversed and the case remanded.

*Reversed and remanded.*

GARY, J., having tried the case in the court below, takes no part in the determination of the same in this court.