CHICAGO, MILWAUKEE & ST PAUL RAILWAY COMPANY

v.

SOPHIA WILSON.

SAME

v.

JOHN M. WILSON, ADMINISTRATOR.

SAME

v.

SAME.

*Railroads—Negligence—Crossings—Personal Injuries—Evidence—Instructions—Practice—Damages.*

1. Negligence and due care, and degrees and comparisons of negligence, are questions of fact for the jury, and their determination should not be interfered with, unless it appears that they have disregarded their duty.

2. There is no rule of damages in actions brought to recover for the death of young children occasioned by the negligence of others.

3. Courts will review the findings where deceased had attained such an age that the value of his life to the next of kin had become the subject of evidence.

4. In actions brought for the recovery of damages from a railroad company for the death of two children and injuries to their mother, alleged to have been occasioned by its negligence, this court declines, in view of the evidence, to interfere with the verdicts for the plaintiffs.

[Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. WALKER & EDDY, for appellant.

Messrs. FRANK A. JOHNSON and WILLIAM BROWN, for appellees.

GARY, P. J. These three cases all have their origin in one accident. In neither of them is it seriously urged that anything done or omitted in the Circuit Court was error, until the motions for new trials were denied.

It is now insisted that the verdicts are wrong on the questions of negligence of the appellants and due care by the appellee in the first case, and that the damages are excessive in each case.

Wood street in the city of Chicago, is a north and south street, and is crossed upon the same level by eleven railway tracks at a right angle, the four northern ones being main tracks and the others side tracks. It is a fair conclusion from the evidence that a good many freight cars were at the time of the accident standing upon those side tracks, some of them upon the north one, and of these last the east end of one was very close to the west crosswalk of Wood street over the tracks. The distance between the south rail of the south main track and the north rail of the north side track was a little more than seven feet, and between the side of a freight car standing on the side track, and the side of the tender of a locomotive passing on the south main track, nearly four feet.

None of the tracks were owned by the appellants, but they run their cars on the two south main tracks. Under these conditions, in the afternoon of August 4, 1887, the appellee in the first case, a married woman about twenty-three years old, undertook to walk northward across these tracks on the west crosswalk of Wood street, carrying her year-old baby, John, on her arm, and leading her three-year-old boy, Murray F., by the hand. When she had crossed a part of the side tracks, she saw a passenger train going east on the north main track, and stopped and waited for it to pass. When it had passed she stepped upon the south main track and knew no more. She was struck senseless, and her children cut into pieces by a tender and locomotive of the appellants, backing eastward on the south main track at the speed of about six miles an hour. The bell on the locomotive was ringing at the time, but except so far as the presence of the tracks themselves is notice that cars may at any moment be expected to run upon them, there was no other warning to her of the approach of danger.

A flagman was on the north side of all the tracks, but hidden from her view, and she from his, by the passenger train.

The first of these cases is an action by the appellee for her own injuries, and the others, by the administrator of the children, for benefit of their next of kin, for their death. So long as railways and common highways cross each other upon the same level this class of accidents will continue to happen, and with the increase of population will multiply; and so long also, will juries, under such circumstances as this record shows, find verdicts against the railways, which the courts have no right to disturb. Negligence and due care, degrees and comparisons of negligence, are all questions of fact for the determination of a jury, and with that determination, neither the theory nor the history of trial by the jury, warrants any interference by a court, unless it is apparent that the jury have disregarded their duty. C. & N. W. v. Trayes, 33 Ill. App. 307.

The damages awarded are $5,000 to her, and in the other cases $2,000 for the youngest, and $1,941.66 for the oldest boy. These damages can not be disturbed.

There is evidence from which the jury might fairly find that her health is very seriously and permanently impaired. What is a fair and adequate—for if she is entitled to anything, she is entitled to adequate—compensation, can not be made the subject of mathematical calculation.

As to the death of young children, the authorities hold there is no rule of damages. C. & A. R. R. v. Becker, 84 Ill. 483; Johnson v. C. & N. W. Ry., 64 Wis. 425; Hooghkirk v. D. & H. Canal, 63 How. Pr. 328. No case has been cited or found where the verdict in such a case has been set aside as excessive.

Where the deceased has attained an age that the value of the life to the next of kin becomes the subject of evidence, courts will review the findings. C., E. & L. S. Ry. Co. v. Adamick, 33 Ill. App. 412.

Exceptions were saved to the refusal of instructions asked by the appellants, undertaking to direct the jury as to what acts or omissions constituted negligence or its opposite, but the appellants do not seem to rely upon them, as, indeed, they could not, under the repeated decisions in this State. Pa. Co. v. Frana, 112 Ill. 398.

The proximate cause of this accident was the sudden entrance, without any effectual warning, of the tender upon the cross-walk, its approach being hidden by the freight cars. Whether, and in what degree that constituted negligence by the appellants, was a question for the jury. And the conduct of Mrs. Wilson, in going upon the track without first ascertaining whether the tender was coming, was a like question for them. Their answer must stand.

There is no error in the records, and the judgments are affirmed.

*Judgments affirmed.*