# CHICAGO CONSOLIDATED BOTTLING COMPANY
### v.
## JOSEPH TIETZ, ADMINISTRATOR.

*Master and Servant—Negligence of Servant—Personal Injuries of Third Person—Liability of Master—Evidence—Instructions—Damages.*

In an action to recover from an employer for the death of a third person, alleged to have occurred through the negligence of his employe, this court holds as proper certain instructions given touching the question of damages, and declines to interfere with the verdict for the plaintiff.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. A. B. JENKS and JAMES MAHER, for appellant.

Mr. EDMUND FURTHMANN, for appellee.

WATERMAN, J.    This was an action based upon the alleged negligence of appellant in running over, in the streets of Chicago, one Edmund Fritz, a child four years of age.

As shown by the evidence the negligence of the driver of defendant's team consisted not in fast driving, but in inattention to what was in the street before him.    There was evidence tending to show that if the driver had been paying close attention to what was in the street before him, he would have seen the child; that he did not see him, although many others did and cried out, is admitted; and as his team was walking slowly, if he had been looking ahead, there seems to be no reason why he could not have stopped his team before the wheels of his wagon passed over the deceased.

Complaint is made that instructions asked for by appellant were refused, while those given at its instance are not shown in the abstract; when found in the record they seem fairly to cover the matters contained in the second instruction refused.

The jury, by the fourth instruction, were told that the plaintiff could only recover damages for the pecuniary loss sustained by the next of kin; that the pecuniary loss sustained in dollars and cents must be ascertained from the evidence as nearly as possible; that no damages could be given for mental suffering of the child's parents, and that the jury should not be influenced by any sympathy they might have for the child's parents.

This, in connection with the other instructions given, seems fairly to cover the subject of exemplary damages, especially as it does not appear from the verdict that the jury attempted to give other than such pecuniary damages as in their opinion the next of kin had sustained.    As to damages that may be recovered in such cases, see C., M. & St. Paul R. R. v. Wilson, 35 Ill. App. 346.

We see no objection to the suggestion as to the remittal of damages or to the entry of judgment after such remittal. Stuman v. Pitchman, 22 Ill. App. 399; Village of Clayton v. Brooks, 31 Ill. App. 62.

*Judgment affirmed.*