# North Chicago Street Railroad Co. v. Wrixon, Administrator, etc.

1. CARRIERS OF PASSENGERS—*Failure to Stop When Requested.*—For whatever damage a passenger may sustain from a failure to stop a street car at a proper place when properly requested, such failure being the proximate cause of the injury, a recovery may be had.

2. CARRIERS OF PASSENGERS—*Immediate Causes of Accidents.*—If another cause, for example jumping from a car when in motion, intervenes between the negligence of the driver in not stopping the car when requested, and the injury complained of, there can be no recovery.

3. STREET RAILWAYS—*Failure to Stop the Car.*—Where the negligence relied upon is a failure of the driver to stop the car when requested, and the train of events, from the failure to stop the car to the accident, is not the natural or necessary sequence of the act of the driver in not stopping his car, there can be no recovery.

4. STREET RAILWAYS—*Negligence—Breach of Duty.*—The breach of duty upon which an action for an injury can be maintained must be the proximate cause of the damage to the plaintiff.

5. STREET RAILWAYS—*Diligence for the Safety of Passengers.*—A street railway company, being a common carrier, is bound to exercise the highest diligence for the safety of its passengers, while riding, getting off and getting on its cars. In the providing of appliances for the safety of its passengers, it is bound to make use of such well known and approved means as are reasonably consistent with its condition, the business it is doing, and its duty to the public.

6. COMMON CARRIERS—*Duty Toward Passengers.*—It is the duty of a common carrier to be diligent in providing for the safety of its passengers, and it is *prima facie* liable for injuries happening to them on account of any negligence by it, they being at the time of such injury in the exercise of ordinary care and in observance of its rules.

7. DAMAGES—*Power of the Jury—Review.*—It is the rule in this State that in actions for personal injuries for negligence the jury may give damages without evidence as to the pecuniary loss sustained, yet it is not the law that the conclusion of the jury in this regard is beyond review.

8. DAMAGES.—In an action for damages in case of death by negligent act, the defendant is liable only for the pecuniary loss sustained by the next of kin. Pain and anguish of the next of kin are not a proper element of recovery.

9. DAMAGES—*$5,000 Excessive.*—A boy ten years of age was riding on a street car. He told the conductor that he wanted to get off at the next street corner. The car did not stop and he jumped, swung or stepped off; in so doing he slipped and fell, the car passed over his leg, inflicting injuries from which he died. Suit being brought by an administrator, the jury returned a verdict for the plaintiff of $5,000. *Held*, that the damages were excessive.

**Memorandum.**—Action for negligence. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed January 11, 1894.

North Chicago St. R. R. Co. v. Wrixon.

## Statement of the Case.

On the 17th day of August, 1890, William Wrixon, a boy about ten years of age, was a passenger on one of appellant's cars. The car was proceeding southward on Evanston avenue. Just after it arrived at the Addison avenue crossing, the deceased said to the conductor, "I want to get off at the church;" when the car was between Addison avenue and Gary place, the deceased said "Let me off at the church." The church was about seventy-five feet south of Addison avenue.

The car did not stop and the deceased jumped, swung or stepped off; in so doing he slipped and fell so that the car passed over his leg, inflicting injuries from which he died.

Suit being brought by an administrator appointed, the jury returned a verdict for the plaintiff of $5,000, and there was judgment for that sum.

Appellee's Brief, Arnold Heap and Rosenthal & Hirschl, Attorneys.

The driver was negligent in not stopping the car. The instructions leave this to the jury, and they are conceded correct. Crissey v. Hestonville Ry. Co., 25 P. F. Smith (Pa.) 83; R. R. Co. v. Hassard, 75 Pa. St. 367.

The company was negligent in not having fenders around the wheels of the car. Oldfield v. N. Y. & H. R. R. Co., 14 N. Y. 310; 3 E. D. Smith, 71.

Whether the boy was negligent is for the jury and not for the court. Lake Shore v. Johnson, 135 Ill. 641; City v. Keefe, 114 Ill. 222; Quincy, etc., v. Gruse, 38 Ill. App. 212; N. C. S. R. Co. v. Williams (Ill.), 29 N. E. Rep. 672; C. & A. R. R. v. Fisher (Ill.), 31 N. E. Rep. 406.

Rule of negligence, as a matter of law, is different with regard to children from what it is as to adults. R. R. Co. v. Gladmon, 15 Wall. 401; R. R. Co. v. Stout, 17 Wall. 657; City v. Keefe, 114 Ill. 222.

If the injury was caused by defendant's negligence, combining with an accident on the part of the boy, the defend-

ant is liable.. Joliet v. Verley, 35 Ill. 58; Lacon v. Pace, 48 Ill. 499; Joliet v. Shufelt (Ill.), 32 N. E. 969.

In this case there is the loss during eleven years of minority, the loss thereafter to father and mother, the loss to each of three brothers and three sisters, all in the aggregate, $5,000. Will this court say that it is "clearly convinced" that this award is "grossly disproportioned to the loss sustained?" Harkins v. P. P. C. C., 52 Fed. Rep. 724.

Instances may be given of other awards, sustained in cases where the facts were not so strong as in the case at bar. Five thousand dollars (statutory limit), girl, six years old, daughter of a market gardener. Houghkirk v. President, etc., 92 N. Y. 219. Two thousand dollars, boy, one year old. Chicago, etc. v. Wilson, 35 Ill. App. 346. Three thousand seven hundred and fifty dollars, bachelor, thirty years old, no persons shown to have been receiving assistance. Ill. C. Ry. Co. v. Barron, 5 Wall. 90. Five thousand dollars, laborer in boiler shop, thirty-six years old; had accumulated no estate; amount earnings not shown; was supporting wife and child. B. & O. v. Kelly, 24 Maryland 271. Five thousand dollars, unmarried, twenty- one years old; earning twenty-five dollars per month; relatives in Germany. Bierbauer v. N. Y. Central, 15 Hun, 559; affirmed 77 N. Y. 588.

APPELLANT'S BRIEF, EGBERT JAMIESON AND EDMUND FURTH-MANN, ATTORNEYS.

There is no evidence in the case tending to show that the boy was, or ever would be able to earn an amount equal to the interest on the amount of the verdict. The jury had no right to find arbitrarily that the death of a boy results in a pecuniary loss to those entitled under the statute to the full extent of the statutory limit. The verdict, rendered without evidence as to his earning power or capacity, and for the largest amount provided by law, bears unequivocally the marks of being the result of prejudice and passion. Ill. C. R. R. Co. v. Weldon, 52 Ill. 290; City of Chicago v. Scholten, 75 Ill. 469; Chicago & A. R. R. Co. v. Becker, 76 Ill. 25;

North Chicago St. R. R. Co. v. Wrixon.

Quincy Coal Co. v. Hood, 77 Ill. 68; Rockford, Rock Island & St. Louis R. R. Co. v. Delaney, 82 Ill. 198; Chicago & A. R. R. Co. v. Becker, 84 Ill. 483; Andrews v. Boedecker, 17 Ill. App. 218; Chicago E. & L. S. Ry. Co. v. Adamick, 33 Ill. App. 414.

Mr. Justice Waterman delivered the opinion of the Court.

Two acts of negligence are charged in the declaration, viz.: that defendant's driver failed to stop its car, as requested, at the intersection of Addison street and Evanston avenue; and that the deceased, while with due care and diligence endeavoring to alight from the car, was thrown to the ground and injured by reason of the negligence of appellant in failing to properly equip its cars with safety guards and appliances.

As to the alleged negligence in failing to stop its car when requested, the court is unitedly of the opinion no recovery can be had in this case.  For whatever damage a passenger may sustain from a failure to stop a street car at a proper place when properly requested, such failure being the proximate cause of the injury, a recovery might be had.  In the present case between the negligence of the driver and the injury to plaintiff's intestate there intervened another cause, without which the accident would not have happened; that intervening cause was the act of the deceased in jumping from the car while it was in motion.

The train of events, from the failure to stop the car to the accident, was not a natural or necessary sequence from the act of the driver in not stopping his car.

Nor was the jumping from the car, so far as is shown by the evidence, a thing which the defendant can be presumed to have known would follow the failure to stop.

The breach of duty upon which an action for injury can be maintained must be the proximate cause of the damage to the plaintiff.  I. B. & W. Ry. Co. v. Birney, 71 Ill. 392; Shearman & Redfield on Negligence, Secs. 8, 25 and 26; Schefer v. Ry. Co., 105 U. S. 249; Kirtner v. Indianapolis, 100 Ind. 210; Philadelphia R. Co. v. Boyer, 97 Penn. St. 91.

The maxim applicable in such cases is " *In jure non re-mota causa sed proxima spectatur.*" In law the immediate, not the remote, cause of any event is regarded. As to the alleged negligence in not having upon the car proper guards, the defendant, being a common carrier, is bound to exercise the highest diligence for the safety of its passengers, while riding, getting on and getting off its cars. In the providing of appliances for the safety of passengers, it is bound to make use of such well known and approved means as are reasonably consistent with its condition, the business it is doing, and its duty to the public. Smith v. New York & Harlem Ry. Co., 19 N. Y. 127; Hegeman v. Western Ry. Corporation, 3 Ker. 9; Hutchinson on Carriers, Sec. 529; Toledo, etc., R. R. Co. v. Conroy, 68 Ill. 560.

The Supreme Court of this State, in North Chicago St. Ry. Co. v. Williams, 29 N. E. 672, held that whether a plaintiff, in getting upon a horse car while it is in motion, is or is not in the exercise of due care, is a matter for the determination of the jury under all the circumstances of the case. Such being the rule—whether the deceased was in the exercise of ordinary care in getting off the car while it was in motion, and whether there were well known and approved appliances (guards) which, if in use, would have prevented the injury to the plaintiff, and whether the use of such guards was reasonably consistent with the condition of appellant, the business it was doing and its duty to the public, were all questions to be submitted under proper pleadings and instructions to the jury.

It is the duty of a common carrier to be diligent in providing for the safety of its passengers, and it is *prima facie* liable for injuries happening to them on account of any negligence by it; they being at the time of such injury in the exercise of ordinary care and in observance of its rules. If, then, it be not negligence for a passenger to get off a moving street car, and not a violation of its rules, it is the duty of the carrier to be diligent in so equipping its cars that he may not be injured in so alighting. The amount of the verdict and judgment in this case can not be justified. The

defendant is liable only for the pecuniary loss sustained by the next of kin. Neither five nor fifty thousand dollars would be an adequate compensation for the pain and anguish of the parents of this boy; with this we have nothing to do. While it is the rule in this State that in this class of cases the jury may give damages without evidence as to the pecuniary loss sustained, yet it is not the case that the conclusion of the jury in this regard is beyond review. We can not say, and we do not think, that the jury thought that the pecuniary loss alone to the next of kin of deceased was five thousand dollars. It is doubtful if, in one case in a thousand, the bare pecuniary loss suffered by the next of kin from the death of a boy of ten years, is five thousand dollars; in very many instances like this, while there is the keenest anguish, there is no pecuniary loss whatever. In no such case as this has a judgment of this magnitude been sustained by the Supreme Court. The judgment of the Circuit Court is reversed and the cause remanded.

Mr. Justice Gary.

I agree to the reversal of the judgment, but not for the reason assigned in the foregoing opinion. Notwithstanding the decision of this court in Adamick v. Chicago E. & L. S. Ry., 33 Ill. App. 412, and the authorities there cited, and my own apparent assent thereto in Chicago M. & St. P. Ry. v. Wilson, 35 Ill. App. 346, I yet believe that the legislation of this State commits to the uncontrollable caprice of the jury the amount of damages, not exceeding $5,000. It is all guess work; Railroad Co. v. Barron, 5 Wallace (S. C.) 90; and what is there said about "good sense and sound judgment," only gives a respectful name to the disposition of juries to make railroads smart.

Negligence is the omission to discharge some duty, whenever the negligence consists in omission. No duty, no negligence.

Duty is an inference of law. I undertake to say that no declaration can be drawn, which will show a duty of a street railway company to adopt precautions for the safety of

passengers who jump, with or without notice, from a car, without any express or implied assent of the railway company while the car is moving in the ordinary course of its journey. Probably the next case where such a passenger has been bruised by the guard that a railway may have adopted, will be put upon the claim that he was outside the rail so that a wheel would not have touched him, but the projecting and improper guard was the cause of his hurts.

I think the cause should be remanded accompanied by an opinion that will prevent any holding on another trial, that it was the duty of the appellant to take care of the deceased when he jumped off.

MR. PRESIDING JUSTICE SHEPARD.
I think the judgment ought to be affirmed.