## West Chicago St. R. Co. v. John Dudzik.

1.  ORDINARY CARE—*Getting On or Off a Moving Car.*—To get on or off a moving street car is not necessarily a failure to exercise ordinary care.

Trespass on the Case, for personal injuries.  Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896.  Affirmed.  Opinion filed January 7, 1897.

### STATEMENT OF THE CASE.

This was an action brought by John Dudzik to recover damages for personal injuries, alleged to have been received through the negligence of the West Chicago Street Railroad Company.  The declaration, which consists of two counts, charges :

First.   That the defendant, after having stopped its car for the plaintiff to board, started while the plaintiff was attempting to do so, thereby throwing him to the ground.

Second.   That the defendant so negligently handled its train while the plaintiff was attempting to board it, that he was thereby thrown to the ground.

The evidence shows that the accident occurred while the plaintiff was trying to board a down town train, on the northwest crossing of Tell Court and Milwaukee avenue. The evidence further shows that at this point is the throwoff, where the grip is thrown off in order to let go of the rope, and a little further to the southeast is the pick-up,

where the grip takes hold of the cable which takes the cars down town. This accident occurred at this place, the plaintiff having attempted to board the train just at the time, or immediately after it had picked up the new cable, and the accident was caused by the increased momentum of the train by the application of the grip to the new rope.

At the trial, the jury returned a verdict in favor of the plaintiff, and assessed his damages at $482.

Judgment having been entered on the verdict, the defendant appeals.

Egbert Jamieson and John A. Rose, attorneys for appellant.

John C. Trainor, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The court and jury, before whom this cause was tried, having determined that appellee was, while in the exercise of ordinary care, injured by the negligence of appellant, this court can not set aside such finding upon the evidence, unless we can say that it is opposed to the clear preponderance thereof.

Appellee was hurt while endeavoring to take passage upon one of appellant's cars. The car was then moving slowly. To get on or off a moving street car is not necessarily a failure to exercise ordinary care. North Chicago St. Ry. Co. v. Wrixon, 51 Ill. App. 307.

There is nothing tending to show that the jury was actuated by passion or prejudice.

The judgment of the Circuit Court is therefore affirmed.